**STATE of Indiana, Appellant–Petitioner,**

**v.**

**J.D., Appellee–Respondent.**

**No. 43A03–9712–JV–438.**

Court of Appeals of Indiana.

Nov. 17, 1998.

Jeffrey A. Modisett, Attorney General of Indiana, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for appellant-petitioner.

Jay A. Rigdon, Warsaw, for appellee-respondent.

## OPINION

FRIEDLANDER, Judge.

In this interlocutory appeal, the State appeals the trial court's order dismissing six of seven counts of Child Molesting [1] contained in a delinquency petition filed on September 11, 1996 against J.D., born March 10, 1982.

The State presents the following restated issue on appeal: [2]

Did the trial court err in interpreting the child molestation statute to exempt perpetrators who are younger than fourteen years of age at the time they commit the molestation?

We reverse and remand for further proceedings consistent with this opinion.

On June 18, 1996, Kelly Burr of Child Protective Services met with Officer Perry Hunter of the Warsaw Police Department

---

1. Ind.Code Ann. § 35–42–4–3 (West 1998).

2. Oral argument was held before this court on September 15, 1998.

regarding allegations by four-year-old K.A. that, approximately 2½ weeks earlier, J.D. had engaged in sexual intercourse with her. The allegation by K.A. led to an investigation into other possible sexual assaults by J.D. Six of the seven girls Burr and Hunter interviewed, including J.D.'s younger sister, M.D., claimed that J.D. had either engaged in sexual intercourse with them or had fondled them while they were at J.D.'s home.

During an interview at the Warsaw Police Department in July 1996, J.D. admitted to having touched C.A. "in a bad way" five years earlier and to having touched his sister, M.D., "in a bad way" seven years earlier. *Record* at 11.

The State filed a delinquency petition against J.D., alleging that he committed a total of seven acts of child molestation. One alleged instance of child molestation, that involving C.A., occurred sometime between January 1990 and the summer of 1995. Thus, J.D. may have been as young as seven or as old as thirteen at the time, and C.A. could have been as young as seven or as old as twelve. Five other alleged instances of child molesting occurred between August 1994 and October 1995, when J.D. would have been either twelve or thirteen years of age. Two alleged victims of those acts of molestation, S.D. and S.F., were five years of age, one, M.D., was eight years old, one, S.S., was nine, and one, S.A., was either nine or ten years old. The final alleged incident of child molestation involved sexual intercourse or deviate sexual conduct with four-year-old K.A. in May 1996, when J.D. was fourteen years old. When the delinquency`petition was filed in September 1996, J.D. was five-feet-ten inches tall and weighed two hundred pounds.

The court dismissed six of the seven allegations of delinquency. The court's chronological case summary for January 6, 1997 states in pertinent part:

Comes now the hour scheduled for hearing on Respondent's Motion to Dismiss. Argument heard. Court finds Common Law definition of age of consent being 14 years and due to Public Law 79–11994[sic] dismisses paragraph 2a, 2b, 2c, 2d, 2e, 2f, of the delinquency petition.

*Record* at 6. Thus, the court dismissed, on the basis of what it perceived as J.D.'s inability to consent to sexual activity, all the allegations of delinquency against J.D. except for the allegation of sexual molestation involving four-year-old K.A. when J.D. was fourteen years of age.

■ The child molestation statute does not contain a minimum age for the perpetrator of the offense. *See* IC § 35–42–4–3. With the exception of the alleged instance of child molesting involving C.A. (which may have occurred as early as January 1990 or as late as the summer of 1995), all of the alleged acts of child molestation occurred between August 1994 and May 1996. The child molesting statute in effect during that time period stated:

(a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon, or if it results in serious bodily injury.

(b) A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

(c) It is a defense that the accused person reasonably believed that the child was sixteen (16) years of age or older at the time of the conduct.

IC § 35–42–4–3 (West Supp.1995). Although each subsection of the statute does not so state, criminal intent is an element of the crime of child molesting. *Butcher v. State,* 627 N.E.2d 855, 860 (Ind.Ct.App.1994); *Cardwell v. State,* 516 N.E.2d 1083 (Ind.Ct. App.1987), *trans. denied.* Accordingly, in situations where there clearly is no criminal intent, such as where very young children

engage in innocent sexual play, an allegation of juvenile delinquency based upon such play would be inappropriate.

■■■ The interpretation of a statute is a question of law for the courts. *State v. Hart,* 669 N.E.2d 762 (Ind.Ct.App.1996). Appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Montgomery v. Estate of Montgomery,* 677 N.E.2d 571 (Ind.Ct.App.1997).

■■■ The goal in construing criminal statutes is to determine and give effect to legislative intent. *Id.* In order to discern legislative intent, we look to the plain and ordinary meaning of the words and phrases used in the statute. *City of Elkhart v. Agenda: Open Gov't, Inc.,* 683 N.E.2d 622 (Ind.Ct. App.1997), *trans. denied.* We also "look to the whole of the act, to the law existing before, to the changes made, and the apparent motive for making them." *Bowman v. State,* 398 N.E.2d 1306, 1308 (1979). In order to give deference to legislative intent, courts must also consider the goals of the statute and the reasons and policy underlying the statute's enactment. *State v. Hensley,* 661 N.E.2d 1246 (Ind.Ct.App.1996). In addition, statutes which relate to the same general subject matter are *in pari materia,* and they should be construed together in order to produce a harmonious statutory scheme. *Wilburn v. State,* 671 N.E.2d 143 (Ind.Ct.App.1996), *trans. denied.*

In *Peele v. Gillespie,* 658 N.E.2d 954, 958 (Ind.Ct.App.1995), *trans. denied* (citations omitted), this court set forth the following general rules of statutory construction:

> We will not interpret a statute which is clear and unambiguous on its face. We must examine and treat it as a whole, giving the statute its apparent and obvious meaning. In construing a statute, our foremost duty is to determine and give effect to the true intent of the legislature. We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. Further, it is just as important to recognize what a statute does not say as it is to

recognize what it does say. We may not read into the statute that which is not the expressed intent of the legislature.

■■■ Applying the foregoing rules of statutory construction, we conclude that the Legislature intended that the child molesting statute would apply to offenders regardless of their age and would even apply to offenders who fall within the protected age group set forth in the statute.

Indiana has a well-established policy to protect the welfare of children. *Straub v. B.M.T.,* 645 N.E.2d 597 (Ind.1994). The child molesting statute effectuates this policy by criminalizing the sexual molestation of children.

Looking to the plain and ordinary language of the child molesting statute itself and recognizing what it does not say as well as what it does say, we note that there is nothing to indicate any legislative intent to withdraw the protection of the statute in order to protect the offender. *Accord In re Hildebrant,* 216 Mich.App. 384, 548 N.W.2d 715 (1996). The statutory language in subsections (a) and (b) of the child molesting statute indicates that the statute is generally applicable to "a person" who, with a child younger than fourteen years of age, either "performs or submits to sexual intercourse or deviate sexual conduct" or "performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or satisfy the sexual desires of either the child or the older person." IC § 35–42–4–3(a) and (b). There is nothing in the statute to indicate that the Legislature intended to exclude an offending "person" who falls within the protected age group, *i.e.,* one who is under fourteen years of age. Thus, we conclude that minors under the age of fourteen can be adjudged to be juvenile delinquents pursuant to the child molesting statute. Courts in other jurisdictions which have considered similar questions have reached similar results. *See* § 4, Susan M. Kole, J.D., Annotation, *Statute Protecting Minors in a Specified Age Range from Rape or Other Sexual Activity as Applicable to Defendant Minor Within Protected Age Group,* 18 A.L.R.5th 856, 873–77 (1994).

Reading IC § 35–42–4–3, which does not state a minimum age for the perpetrator of an act of child molestation, *in pari materia* with other child sex crime statutes in Title 35, Article 42, particularly IC § 35–42–4–9, the sexual misconduct with a minor statute, which does state a minimum age for a perpetrator, it is apparent that the Legislature specifically intended not to set a minimum age for the perpetrator of an act of child molesting. The child molesting statute, as it existed before 1994, did not state a minimum age for the perpetrator of child molestation upon a child less than twelve years of age, but did state a minimum age of sixteen years for the perpetrator of child molestation upon children at least twelve years of age, but less than sixteen years of age. The version of the child molesting statute in effect between 1981 and 1994 stated:

(a) A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon, or if it results in serious bodily injury.

(b) A person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

(c) A person sixteen (16) years of age or older who, with a child of twelve (12) years of age or older but under sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class C felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

(d) A person sixteen (16) years of age, or older, who with a child twelve (12) years of age or older but under sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class D felony. However, the offense is a Class B felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

(e) It is a defense that the accused person reasonably believed that the child was sixteen (16) years of age or older at the time of the conduct.

(f) It is a defense that the child is or has ever been married.

IC § 35–42–4–3 (West 1986).

In 1994, the Legislature amended the above statute by substituting fourteen for what had been twelve years of age in subsections (a) and (b). It also amended subsections (c) and (d) of the statute by increasing the minimum age of a perpetrator to eighteen years of age and the minimum age of a victim from at least twelve but under sixteen years of age to at least fourteen but less than sixteen years of age. The Legislature then divided the then-existing child molesting statute into two separate statutes, with subsections (a), (b), and (e) essentially being retained as IC § 35–42–4–3, and subsections (c), (d), (e), and (f) becoming IC § 35–42–4–9, the sexual misconduct with a minor statute. The sexual misconduct with a minor statute stated:

(a) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, a Class C felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon, or if it results in serious bodily injury.

(b) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or

**912**

the older person, with intent to arouse or satisfy the sexual desires of either the child or the older person, commits sexual misconduct with a minor, a Class D felony. However, the offense is a Class B felony if it is committed by using or threatening the use of deadly force or while armed with a deadly weapon.

(c) It is a defense that the accused person reasonably believed that the child was at least sixteen (16) years of age at the time of the conduct.

(d) It is a defense that the child is or has ever been married.

IC § 35–42–4–9 (West Supp.1995). Thus, a review of the history of the child molesting statute, including the changes made which resulted in the enactment of the sexual misconduct with a minor statute, convinces us that the Legislature did not intend to exempt perpetrators on the basis of age.

As a final matter, we note again that the trial court dismissed all but one of the allegations of delinquency based upon J.D.'s lack of consent. Consent is neither an element to be proved in a child molestation case nor a defense to such a charge, *Thompson v. State*, 555 N.E.2d 1301 (Ind.Ct.App.1990), *trans. denied*, and there is nothing in the statute that correlates age with a perpetrator's ability to consent. Nonetheless, even if the perpetrator's consent were an element of the offense, such "consent" could be established by showing the required element of criminal intent.

Based on the foregoing, we conclude that the trial court erred in interpreting the child molestation statute to exempt perpetrators who are younger than fourteen years of age at the time they commit the molestation. We reinstate the six allegations of delinquency against J.D. which were dismissed by the trial court.

Judgment reversed and remanded.

NAJAM and MATTINGLY, JJ., concur.