v.

STATE of Indiana, Appellee–Petitioner.

No. 49A02–0509–JV–871.

Court of Appeals of Indiana.

Nov. 1, 2006.

Robert W. Hammerle, Joseph M. Cleary, Hammerle Allen & Cleary, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

This matter is before us on interlocutory appeal. Appellant-respondent W.C.B. argues that the juvenile court erred in denying his motion to dismiss. Specifically, W.C.B. contends that Indiana's child molesting statute[1] (1) is inherently—and unconstitutionally—contradictory, (2) is unconstitutionally vague, and (3) violates Article I, section 23 of the Indiana Constitution. Finding that the statute is constitutional as written and as applied to W.C.B., we affirm the judgment of the juvenile court.

### FACTS

On February 10, 2005, the State filed a delinquency petition against W.C.B., alleging that he had committed acts that would have been class B felony child molesting and class C felony child molesting had they been committed by an adult. Specifically, the State pointed to W.C.B.'s conduct with respect to H.G., his stepsister who is three years younger than he. According to the probable cause affidavit, W.C.B. began molesting H.G. when she was six or seven years old, touching her vagina under her clothes with his hand multiple times, "forc[ing] himself on her" although she told him "no" and told him to "stop." Appellant's App. p. 35. Additionally, W.C.B. inserted his penis into H.G.'s vagina on two occasions, the first occurring when she was nine years old. According to the probable cause affidavit, W.C.B.'s molestations of H.G. continued until sometime in 2003, when H.G. was approximately twelve years old.

On April 28, 2005, W.C.B. filed a motion to dismiss the State's delinquency petition, raising a number of constitutional arguments with respect to Indiana's child molesting statute. On May 31, 2005, the juvenile court denied W.C.B.'s motion. W.C.B. now brings this interlocutory appeal.

### DISCUSSION AND DECISION

As we consider W.C.B.'s arguments that the juvenile court erred in denying his motion to dismiss, we observe that we review the denial of a motion to dismiss for an abuse of discretion. *State v. Howell,* 782 N.E.2d 1066, 1067 (Ind.Ct. App.2003). But the interpretation of a statute is a question of law for the courts, and we review questions of law under a de novo standard and give no deference to the trial court's conclusions. *State v. J.D.,* 701 N.E.2d 908, 909 (Ind.Ct.App.1998).

---

1. Ind.Code § 35–42–4–3.

In considering a constitutional challenge to a statute, we presume that the statute is valid and place a heavy burden on the challenger, who must clearly overcome that presumption. *State v. Moss–Dwyer,* 686 N.E.2d 109, 112 (Ind.1997). All reasonable doubts must be resolved in favor of the statute's constitutionality. *State v. Lombardo,* 738 N.E.2d 653, 655 (Ind.2000).

### I. Inherent Contradiction

W.C.B. first contends that Indiana Code section 35–42–4–3 is inherently, and unconstitutionally, contradictory. Essentially, W.C.B. argues that it is inherently contradictory to make the following presumptions: (1) that as a minor he cannot consent to sexual contact, but also (2) that he is able to form the requisite criminal intent to commit the act of child molesting.

The State charged W.C.B. under the child molesting statute, Indiana Code section 35–42–4–3, which provides, in pertinent part, as follows:

(a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony....

\* \* \*

(b) A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony....

W.C.B. also directs our attention to Indiana Code section 35–42–4–9, which describes the crime of sexual conduct with a minor:

(a) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, a Class C felony....

\* \* \*

(b) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits sexual misconduct with a minor, a Class D felony....

The minor's consent is not a defense to either crime, inasmuch as "a victim younger than sixteen cannot consent to sexual contact. This principle ... is at the heart of the prohibitions against child molesting and sexual misconduct with a minor...." *Moon v. State,* 823 N.E.2d 710, 718 (Ind. Ct.App.2005) (citation omitted), *trans. denied.*

Initially, we observe that a panel of this court determined some time ago that the child molesting statute may, in fact, apply to perpetrators who fall within the protected age group set forth in the statute at the time they commit the molestation. *J.D.,* 701 N.E.2d at 910. In *J.D.,* the trial court dismissed a delinquency petition charging child molestation because it found that the defendant was unable to consent to sexual activity, inasmuch as he was under the age of fourteen when he committed the acts at issue. *Id.* at 909.

In considering the child molesting statute, the *J.D.* court first emphasized that it

does not prescribe a minimum age for the perpetrator of the offense. We also acknowledged, however, that "criminal intent is an element of the crime of child molesting. Accordingly, in situations where there clearly is no criminal intent, such as where very young children engage in innocent sexual play, an allegation of juvenile delinquency based upon such play would be inappropriate." *Id.* at 909–10 (citations omitted). Keeping in mind Indiana's well-established policy to protect the welfare of children, we concluded that the Legislature intended that minors under the age of fourteen may be adjudged to be juvenile delinquents under the child molesting statute. *Id.* at 910. Finally, we briefly considered the trial court's determination that the delinquency petition should be dismissed because J.D. was unable to consent to sexual activity:

> Consent is neither an element to be proved in a child molestation case nor a defense to such a charge, and there is nothing in the statute that correlates age with a perpetrator's ability to consent. Nonetheless, even if the perpetrator's consent were an element of the offense, such 'consent' could be established by showing the required element of criminal intent.

*Id.* at 912 (citation omitted).

W.C.B. insists that *J.D.* is not dispositive of this case because he is raising a number of constitutional arguments not considered in that opinion.[2] Although his second and third arguments, addressed below, raise specific and defined constitutional issues, his first argument—this one—does not. While he makes the bald assertion that the allegedly inherent contradiction found within these statutes is unconstitutional, he neither articulates what provision of what constitution is violated nor cites to authority supporting his contention. Thus, even if we accept for argument's sake the basic proposition that the contradiction to which he directs our attention does, in fact, exist, W.C.B. has not met his heavy burden because he has failed to articulate what rule of law, if any, is violated by this supposed contradiction. We must conclude, therefore, that pursuant to *J.D.*, the mere fact that W.C.B. falls within the protected class of the statute does not protect him from being charged with child molesting.

## II. Vagueness

■ W.C.B. next argues that Indiana Code section 35–42–4–3 is unconstitutionally vague. Specifically, he contends that the statute grants unfettered discretion to the prosecutor to decide, in a situation involving sexual contact between two minors under the age of fourteen, which participant to charge—i.e., the perpetrator—and which participant to leave alone—i.e., the victim.

■ A criminal statute may be unconstitutionally vague under the First and Fourteenth Amendments to the United States Constitution if it "fail[s] to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits" or if it "authorize[s] and even encourage[s] arbitrary and discriminatory

---

2. W.C.B. also attempts to distinguish this case from that of *J.D.* by pointing out that while *J.D.* was alleged to have molested seven different children, W.C.B. is alleged to have had sexual contact with "just one" victim. Appellant's Br. p. 3 n. 3. The application of the child molesting statute in no way turns upon the number of people victimized by an alleged perpetrator, nor should it. Molesting "just one" child is a sufficient act to come within the purview of the statute. It may be true that J.D. faced more counts of child molesting than W.C.B., and it may also be true that the number of victims and incidents could factor into the juvenile court's disposition, but that W.C.B. "only" allegedly molested his stepsister does not distinguish these circumstances from those we encountered in J.D.

enforcement." *City of Chicago v. Morales,* 527 U.S. 41, 56, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999). With respect to the first category of vagueness, a statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it adequately to inform them of the proscribed conduct. *Glover v. State,* 760 N.E.2d 1120, 1123 (Ind.Ct.App.2002). As to the second category, a statute is problematic when it "vests virtually complete discretion in the hands of the police to determine whether the suspect has satisfied the statute...." *Kolender v. Lawson,* 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). Moreover, a statute is void for vagueness only if it is vague as applied to the precise circumstances of the instant case. *Glover,* 760 N.E.2d at 1123.

The language of the child molesting statute makes it clear that it applies to "a person" who commits the requisite act. I.C. § 35–42–4–3. Based on this plain language, any individual of ordinary intelligence reading the statute would understand that it applies to persons of any age, not just to persons who are over the age of fourteen. Moreover, as noted above, the *J.D.* court found, based on this language, that the statute applies to offenders regardless of their age. 701 N.E.2d at 909–10.

Additionally, we emphasize that the *J.D.* court held that "criminal intent is an element of the crime of child molesting. Accordingly, in situations where there clearly is no criminal intent, such as where very young children engage in innocent sexual play, an allegation of juvenile delinquency based upon such play would be inappropriate." *Id.* Thus, the statute does not encourage arbitrary and discriminatory enforcement, inasmuch as its provisions are satisfied if a person with the requisite intent engages in defined sexual acts with a child under the age of fourteen. Here,

the probable cause affidavit charges that W.C.B. acted with criminal intent and that H.G. was the victim. Additionally, W.C.B. is three years older than H.G., which may represent a significant disparity in maturity and experience, especially in such young children. Thus, as applied to W.C.B., the statute is not unconstitutionally vague.

■ Finally, we note that the mere fact that not everyone who violates the statute will necessarily be prosecuted does not render the statute unconstitutionally vague. Prosecutors always have broad discretion in deciding what crimes to prosecute. *Cooper v. State,* 760 N.E.2d 660, 664–65 (Ind.Ct.App.2001). Those decisions may be based on factors other than the satisfaction of statutory elements, but the mere fact that those factors are not laid out in the statute does not render the statute unconstitutionally vague. *Id.* Based upon all of the above considerations, we conclude that Indiana Code section 35–42–4–3 is not unconstitutionally vague.

### III. Privileges and Immunities Clause

■ Finally, W.C.B. contends that the child molesting statute violates Article I, section 23 of the Indiana constitution. In essence, W.C.B. argues that as applied to him, Indiana Code section 35–42–4–3 imposes a burden that is not imposed on other members of the class—minors under the age of fourteen—because "there are no inherent characteristics that separate him from other children under the age of fourteen who engage in sexual conduct" and are not charged with being a delinquent. Appellant's Br. p. 9.

■ Article I, section 23 of the Indiana Constitution provides that "the general assembly shall not grant to any citizen or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." The purpose of the equal privileges and

immunities clause is to prevent the distribution of extraordinary benefits or burdens to any group. *State v. Price*, 724 N.E.2d 670, 675 (Ind.Ct.App.2000). A two-part test governs claims made pursuant to this clause. First, "the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes." *Collins v. Day*, 644 N.E.2d 72, 80 (Ind.1994). Second, "the preferential treatment must be uniformly applicable and equally available to all persons similarly situated." *Id.* In determining whether a statute complies with the equal privileges clause, courts must exercise substantial deference to legislative discretion. *Id.* Legislative classification becomes a judicial question only where the lines drawn appear arbitrary or manifestly unreasonable, and the challenger must negate every reasonable basis for the classification. *Beauchamp v. State*, 788 N.E.2d 881, 887 (Ind.Ct.App.2003); *Price*, 724 N.E.2d at 675.

It is apparent in reviewing Indiana Code section 35–42–4–3 that it does not provide any special privileges and immunities that are not uniformly applicable and equally available to all similarly-situated persons. It applies equally to all persons, regardless of age, who engage in specified sexual conduct—with requisite criminal intent— with children under the age of fourteen. Pursuant to the statute, *no* person may engage in such conduct. No burden of refraining from engaging in this conduct is placed on W.C.B. that is not uniformly applicable to all juveniles under the age of fourteen who sexually molest other children. By the same token, all children under age fourteen, including W.C.B., are protected from being molested or sexually exploited by another person. As aptly put by the State, "[t]he mere fact that [W.C.B.] is protected from such exploitation and could be a victim in another case . . . does not give him a license to freely victimize other children." Appellee's Br. p. 15.

As to W.C.B. and the specific circumstances herein, he contends that there are no "inherent characteristics" that distinguish him from other children under the age of fourteen who engage in sexual conduct and are not charged with being a delinquent. Appellant's Br. p. 9. Similarly, he argues that there are no "inherent characteristics" that distinguish him from other fourteen- to sixteen-year-olds who are otherwise presumed to be incompetent to consent to sexual conduct with someone over the age of eighteen. *Id.* p. 10. According to the probable cause affidavit, however, the "inherent characteristic" that distinguishes W.C.B. from other minors who are not charged with a crime is that, for a period of five years, he allegedly engaged in sexual conduct with a minor three years his junior—six years old at the time of the first alleged act—with the requisite criminal intent.[3] His alleged conduct, therefore, clearly falls under that proscribed by the child molesting statute. Thus, we conclude that Indiana Code section 35–42–4–3 does not violate Article I, section 23 of the Indiana Constitution and that the juvenile court did not abuse its discretion in denying W.C.B.'s motion to dismiss.

The judgment of the juvenile court is affirmed.

VAIDIK, J., and CRONE, J., concur.

---

3. As noted by the *J.D.* court, even if the perpetrator's consent were an element of the offense of child molesting—though it is not—such consent would be established by proving that the perpetrator acted with the requisite criminal intent. 701 N.E.2d at 912.