860 N.E.2d 608 (2007)
C.D.H., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 71A04-0503-JV-125.
Court of Appeals of Indiana.
January 24, 2007.
*609 Jill Ulrich, Branson, MO, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
ROBB, Judge.

Case Summary and Issue
C.D.H., a minor, appeals from a proceeding in which he was adjudicated a juvenile delinquent based on the juvenile court's finding that C.D.H. committed an act that if committed by an adult would be the criminal offense of child molesting, a Class C felony. On appeal, C.D.H. raises the single issue of whether the evidence is sufficient to support the trial court's finding. Finding that the evidence is not sufficient, we reverse.

Facts and Procedural History
C.D.H., a ten-year-old boy, lived next door to A.C., a ten-year-old girl, and her family. C.D.H. and A.C. were good friends and attended a summer program for children with behavioral problems at a children's hospital together.[1] A.C.'s mother and stepfather babysat for C.D.H. on occasion and C.D.H. had previously spent the night at their house. On July 14, 2004, A.C.'s stepfather was babysitting C.D.H. at A.C.'s house. At some point in the evening, A.C. told her stepfather that she *610 was not feeling well, and her stepfather instructed her to lie down in her room. A.C.'s stepfather told C.D.H. and A.C.'s sister to leave A.C.'s room, and C.D.H. went to the living room to watch television. After about twenty minutes, A.C.'s stepfather, realizing that he no longer heard the television, looked in the living room and discovered that C.D.H. was no longer there. A.C.'s stepfather then entered A.C.'s room and saw C.D.H. on top of A.C. in her bed. A.C.'s stepfather yelled at the children to take off the covers and ordered C.D.H. out of the room. When C.D.H. got off the bed, A.C.'s stepfather saw that C.D.H.'s underwear was in its normal place, but that his jeans were pulled down around his knees. C.D.H. began yelling at A.C.'s stepfather, denying that he had done anything wrong, and both C.D.H. and A.C.'s stepfather left the house.
When A.C.'s mother returned home, A.C. was crying and said that she would speak only to her case manager from the children's hospital. A.C.'s mother called the case manager, and the case manager and A.C.'s mother took A.C. to the hospital. A.C. told a nurse that C.D.H. had entered A.C.'s room, taken off his and her clothes, and gotten on top of her. A.C. said that C.D.H.'s penis was "hard" and that it "hurt." Transcript at 136. A rape kit examination was performed on A.C., but recovered no physical evidence of sexual assault.
The State charged C.D.H. with attempted rape, and later amended the charges to include child molesting. The juvenile court found A.C. competent to testify. At trial, A.C. testified that C.D.H. had entered her room, got into bed with her and touched her "private part" with his. Tr. at 80, 84. She initially stated that C.D.H. removed his clothes and that she had not removed hers, but later stated that her clothes had been removed; when asked to clarify, A.C. stated that she did not know whether either of them was wearing clothes.
The juvenile court made a true finding of child molesting, but found the evidence insufficient to support a true finding of attempted rape. The juvenile court then conducted a dispositional hearing, ordering C.D.H. to probation and placing him in a private child caring facility. C.D.H. now appeals.

Discussion and Decision

I. Standard of Review
In juvenile delinquency adjudication proceedings, the State must prove every element of the offense beyond a reasonable doubt. D.B. v. State, 842 N.E.2d 399, 401 (Ind.Ct.App.2006). When reviewing a claim challenging the sufficiency of the evidence, we will neither reweigh the evidence nor judge witnesses' credibility. Id. We will affirm the adjudication if we conclude that evidence of probative value exists so that a reasonable factfinder could find the elements of the underlying crime proven beyond a reasonable doubt. Id.
This case also requires us to interpret Indiana's child molestation statute. When interpreting a criminal statute, we use the following standard of review:
Penal statutes should be construed strictly against the State and ambiguities should be resolved in favor of the accused. At the same time, however, statutes should not be narrowed so much as to exclude cases they would fairly cover. Also, we assume that the language in a statute was used intentionally and that every word should be given effect and meaning. We seek to give a statute practical application by construing it in a way favoring public convenience and avoiding absurdity, hardship, and injustice. And statutes concerning the same subject matter must be read *611 together to harmonize and give effect to each.
Merritt v. State, 829 N.E.2d 472, 475 (Ind. 2005) (citations omitted).

II. Sufficiency of the Evidence
C.D.H. argues that the evidence is insufficient to find beyond a reasonable doubt that C.D.H. had the requisite intent because both C.D.H. and A.C. were ten years old when the act took place. We first conclude that, for purposes of the child molestation statute, the legislature has mandated that the offender must be older than the victim. Thus, we conclude that the record contains insufficient evidence to support a finding that C.D.H was older than A.C.

A. Interpretation of Indiana's Child Molestation Statute
Indiana's statute prohibiting child molestation states:
A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.
Ind.Code § 35-42-4-3(b) (emphasis added). The ordinary, plain language of the statute requires that the act of child molesting involve two people: (1) a child under the age of fourteen; and (2) a person older than that child. The State argues that this interpretation of the statute is "hyper-technical." Appellee's Brief at 6 n. 2. We do not feel it is hyper-technical to conclude that the legislature's use of the term "older person" requires that a molester in fact be an older person. Because we assume that the legislature intentionally used the adjective "older," we must give it meaning. See Merritt, 829 N.E.2d at 475. Had the legislature intended to criminalize all sexual touching between children under the age of fourteen, it would not have used the adjective "older." Therefore, a child cannot "molest" a child of the same age or who is older.
This interpretation also puts the child molestation statute in harmony with the Indiana statutes proscribing vicarious sexual gratification,[2] sexual conduct in the presence of a minor,[3] child solicitation,[4] child seduction,[5] and sexual misconduct with a minor,[6] all of which require that the offender be older than the child. We recognize that all these statutes also require that the offender be of a particular age, and that when the legislature amended the child molestation statute in 1994, it did away with its requirement that the offender be of any particular age. See State v. J.D., 701 N.E.2d 908, 911-12 (Ind.Ct.App. 1998), trans. denied. Our present holding in no way conflicts with our statement in J.D. that "[t]here is nothing in the statute to indicate that the Legislature intended to exclude an offending `person' who falls *612 within the protected age group, i.e., one who is under fourteen years of age." Id. at 910. In J.D., we did not address the requirement that the offender be an "older person," and we note that on the facts of J.D., it is possible that the defendant and one of his victims could both have been seven years old.[7]Id. at 909. To the extent that J.D. implies that the perpetrator need not be older than the victim, we find this implication to be an incorrect statement of the law. However, we restate our holding in J.D. that a charge of child molesting can be appropriate where the offender is below the age of fourteen. See id. at 910. We now hold that although the legislature dispensed with the requirement that the offender be of a certain age, the legislature retained the requirement that the offender be older than the victim. Therefore, when there is no evidence that one child is older than the other, a charge of child molesting is not appropriate.
The State argues that this interpretation is inconsistent with the statute's purpose, which the State identifies as, "to prevent and punish those who force others to submit to sexual behavior without consent." Appellee's Brief at 6. We disagree. Consent is irrelevant for purposes of the child molestation statute. J.D., 701 N.E.2d at 912 ("Consent is neither an element to be proved in a child molestation case nor a defense to such a charge"); Warrick v. State, 538 N.E.2d 952, 954 (Ind. Ct.App.1989). Instead, the child molestation statute's purpose is to prohibit the sexual exploitation of children by those with superior knowledge or experience who are therefore in a position to take advantage of children's naivety. See Barger v. State, 587 N.E.2d 1304, 1307 (Ind. 1992), aff'd, 991 F.2d 394 (7th Cir.1993) (explaining that, under a prior version of the child molesting statute, the offense was more serious if the victim was under twelve years old because "[y]ounger children are more in need of protection; they are less likely to be able to defend themselves and are more susceptible to adult suggestion and schemes"); Ward v. State, 528 N.E.2d 52, 54 (Ind.1988) ("the crime of child molesting is often perpetrated by persuasion and trickery rather than an overpowering or sudden attack"); Warrick, 538 N.E.2d at 954 ("the child molesting statute recognizes that children, because of their immaturity, are incapable of consenting to sexual behavior with adults"); cf. In re P.M., 156 Vt. 303, 592 A.2d 862, 864 (1991) (holding that "age differential is an important factor that may and should be considered" when determining a minor's criminal liability under a statute proscribing lewd or lascivious conduct with a child under the age of sixteen).
We also wish to comment on the State's claim that our interpretation of the statute "allows minors to molest another child as long as the molester is younger than the victim." Appellee's Brief at 6 n. 2. We agree with the State to the extent that, by definition, a "molester" must be older than his or her victim. However, our interpretation of this statute in no way allows younger children to freely engage in inappropriate sexual touching of older children. Indiana has enacted other statutes to guard against such behavior. The Indiana sexual battery statute proscribes sexual touching accomplished by "force or the imminent threat of force," or when the other person is "so mentally disabled or deficient that consent to the touching cannot be given." Ind.Code § 35-42-4-8(a). The Indiana rape and criminal deviate conduct *613 statutes proscribe conduct when one person "(1) is compelled by force or imminent threat of force; (2) the other person is unaware that the conduct is occurring; or (3) the other person is so mentally disabled or deficient that consent to the conduct cannot be given." Ind.Code § 35-42-4-2 (criminal deviate conduct); see Ind. Code § 35-42-4-1 (rape). None of these three statutes contains any mention of the age of the victim or offender, and delinquency proceedings may properly be brought against a child based on violations of any of these statutes when the other child is the same age as or older than the offender.[8]
Finally, although the plain language of the statute, in itself, supplies adequate support for our holding, we note the effect of ignoring the words "older person." As we have previously stated, "in situations where there clearly is no criminal intent, such as where very young children engage in innocent sexual play, an allegation of juvenile delinquency based upon such play would be inappropriate." J.D., 701 N.E.2d at 909-10. However, as the child molestation statute contains no consent defense, to ignore the adjective "older" would criminalize consensual sexual touching between children up to the age of thirteen for both participants, provided that the mens rea element of "with intent to arouse or to satisfy the sexual desires" was still present.[9] We decline to ignore the plain language of the statute and interpret it in such a manner. We hold that for purposes of the child molestation statute, the offender must be older[10] than the victim.

B. Evidence that C.D.H. Was Older than A.C.
The State was required to introduce sufficient evidence to establish beyond a reasonable doubt that C.D.H. was older than A.C. See Lewis v. State, 511 N.E.2d 1054, 1056 (Ind.1987) (holding that detective's testimony that defendant stated he was twenty-five during questioning and a jail medical screening document listing defendant's birth date constituted sufficient evidence for trial court to find defendant was sixteen or older). The evidence clearly indicates, and neither side contests, that A.C. was ten years old at the time of the incident and the trial.[11] The parties did not argue C.D.H.'s age at trial, and indeed, had either side at trial thought it necessary to introduce evidence of C.D.H's age, we have no doubt that side could have produced sufficient evidence to conclusively establish C.D.H.'s age. Without doubt, conclusive evidence could readily be produced now. However, on review, we will evaluate the sufficiency of the evidence introduced at trial to determine if a reasonable *614 factfinder could have found that the State proved C.D.H. to be older than A.C. beyond a reasonable doubt. See D.B., 842 N.E.2d at 401. We find that such evidence does not exist.
The State argues that C.D.H. was "physically older than A.C.," stating that C.D.H. was ten years old at the time of the offense, but eleven at the time of the trial in November 2004. Appellee's Brief at 6. C.D.H. argues that he is not physically older than A.C., and states he was still ten at the time of his sentencing hearing, which occurred in December 2004. Appellant's Reply Brief at 3. A.C. testified that C.D.H. is a "different age" from her and that he was eleven at trial. Tr. at 73. A.C.'s father also testified at trial that he "believe[d]" C.D.H. was eleven years old. Tr. at 175. However, in its closing argument, the State said, "the defendant's only ten." Tr. at 299. The trial court then referred to C.D.H as a "ten-year-old" in announcing its decision.[12] Tr. at 323. The trial court's discussion fails to provide any indication that it found C.D.H. to be older than A.C. Tr. at 323-25. C.D.H.'s probation officer stated at the sentencing hearing, more than a month after the trial, that "[C.D.H.] is ten years old." Sentencing Hearing Transcript at 3.[13]
We conclude that the statements of A.C., whose testimony was far from consistent in regards to matters relating to time,[14] and of A.C.'s stepfather, who "believed" C.D.H. to be eleven, provide insufficient evidence that C.D.H. was older than A.C. Although the trial court was not asked to make a finding of C.D.H.'s age, we find it particularly important that the trial court specifically referred to C.D.H. as a ten-year-old in announcing its decision. Based on the evidence introduced at trial, a reasonable factfinder could not have concluded beyond a reasonable doubt that C.D.H. was older than A.C.
In reaching this conclusion, we realize that our supreme court recently found somewhat similar evidence sufficient to support a conviction for sexual misconduct with a minor, a crime for which the State must prove that the defendant is eighteen years old. Staton v. State, 853 N.E.2d 470 (Ind.2006). In Staton, the victim testified that she "imagined" and "understood" that the defendant was eighteen, a freshman in college, and had graduated a year before the victim's sister, who was eighteen.[15]Id. at 476. However, Staton involved a jury trial, in which the jury was specifically instructed that the defendant's age was an element of the crime, and counsel argued the issue of age in closing argument. Id. Therefore, in Staton, the jury actually determined that the defendant was of the requisite age, and our supreme court held "it was a permissible inference for the jury to find that age was established beyond a *615 reasonable doubt." Id. In this case, on the other hand, the issue of age was not argued, and the trial court made no specific finding that C.D.H. was older than A.C. Indeed, it appears that the parties and the judge were under the impression that age was not a critical factor, as both the judge and the prosecutor stated, whether inadvertently or not, that both C.D.H and A.C. were ten years old.
The State also argues that although A.C. was ten years old, she "had the mental capacity of a five-to six-year-old," and that therefore C.D.H. should be considered older than A.C. Although A.C.'s mental capacity is clearly relevant to whether A.C. was capable of consenting to the touching, we find her mental capacity irrelevant to whether C.D.H. was older than A.C. for purposes of the child molestation statute. Neither the child molestation statute nor any other statute proscribing sex crimes against children makes any reference to a person's mental capacity affecting that person's age. The legislature protects those with mental handicaps from unwanted sexual touching through the sexual battery, rape, and criminal deviate conduct statutes proscribing conduct when a person is too mentally handicapped to consent. We conclude that A.C.'s mental condition has no effect on her age for the purposes of the child molestation statute.

Conclusion
We hold that the Indiana child molestation statute requires the State to prove beyond a reasonable doubt that the offender is older than the victim. We further hold that in this case, insufficient evidence exists from which a reasonable factfinder could conclude that C.D.H. was older than A.C.
Reversed.
SULLIVAN, J., concurs.
BARNES, J., dissents with separate opinion.
BARNES, J., dissenting with opinion.
I respectfully dissent. Although the evidence, admittedly, is not overwhelming with regard to the age of the defendant juvenile, I believe there is sufficient evidence to support the conviction.
At the outset, I note that I agree with the majority's interpretation of Indiana Code Section 35-42-4-3(b). I further agree that this reading "puts the child molestation statute in harmony with the Indiana statutes proscribing vicarious sexual gratification, sexual conduct in the presence of a minor, child solicitation, child seduction, and sexual misconduct with a minor, all of which require that the offender be older than the child." Op. at 611 (footnotes omitted). I note, however, that this reading of Indiana Code Section 35-42-4-3(b) creates an inconsistency between that subsection and subsection (a) of the same statute.
Indiana Code Section 35-42-4-3(a) provides: "A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. . . ." (Emphasis added). In W.C.B. v. State, 855 N.E.2d 1057 (Ind. Ct.App.2006), trans. pending, we observed that Indiana Code Section 35-42-4-3(a) "does not prescribe a minimum age for the perpetrator of the offense." W.C.B., 855 N.E.2d at 1061. We further held that the statute clearly applies to "a person" who commits the requisite act and that it is not unconstitutionally vague as applied to a child under the age of fourteen. Id. at 1062 (citing Ind.Code § 35-42-4-3(a)). Contrary to our reading of Indiana Code Section 35-42-4-3(b), subsection (a) does *616 not require that the defendant be older than the victim.
Because we must give meaning to every word used by the legislature, I assume that the drafters of this statute had a reason for creating different age requirements for these two subsections. Perhaps because sexual intercourse and deviate sexual conduct are more serious actions than fondling or touching, the legislature wanted to give prosecutors the latitude to prosecute all offenders, regardless of their age, pursuant to Indiana Code Section 35-42-4-3(a). To the extent that this inconsistency may have been inadvertent, however, I believe it is important to note it.
As for the sufficiency of the evidence, as the majority notes, both A.C. and A.C.'s step-father testified that C.D.H. is eleven years old. Specifically, A.C. testified that C.D.H. is a "different age" from her, and her step-father testified that he "believe[s] [C.D.H.]'s eleven years old." Tr. pp. 73, 175. Because the deputy prosecutor inquired about C.D.H's age by asking how old he is, and because both A.C. and her step-father answered in the present tense, I assume that their answers refer to C.D.H.'s age at the time of his delinquency hearing. A.C.'s mother testified that A.C.'s birthday is April 21, 1994, so at the time of C.D.H.'s November 16, 2004 hearing, A.C. was ten years old. I further note that A.C.'s stepfather testified that his family had known C.D.H. for "a while," that C.D.H. had been to A.C.'s home to play on "[m]any occasions," and that "[C.D.H.] was like one, one of the kids of the home" and had spent the night on two occasions. Id. at 213.
I believe that our supreme court's recent opinion in Staton v. State, 853 N.E.2d 470 (Ind.2006) is instructive here. Staton addressed the sufficiency of the State's evidence in proving that Staton was at least eighteen years old when he committed sexual misconduct with a minor. The court held that although the State's evidence was paltry, given the standard of review, it was reasonable for the jury to infer that Staton was at least eighteen.
In Staton, the State's evidence of age was similar to the evidence of C.D.H.'s age here. In Staton, the fifteen-year-old victim testified that Staton was "older" than she; she "imagined" Staton was four years older; he graduated "a year before [her] sister, so '03 I'm thinking"; and it was her understanding that Staton was eighteen at the time of the incident. Staton 853 N.E.2d at 474. The victim further testified that her family and Staton's family had been friendly for a very long time.
The Staton victim's testimony that Staton was "older" and she "imagined" Staton was four years older than she is very similar to A.C.'s testimony that C.D.H. was a "different" age and A.C.'s step-father's testimony that he "believed" C.D.H. was eleven. In addition to her specific statements regarding Staton's age, the victim in Staton, like A.C.'s step-father, testified that she was familiar with Staton and knew him relatively well. Although I recognize that it is not our prerogative to judge a witness's credibility, it is undeniable that such statements imply the speaker had reliable information about the defendant's age. I find it meaningful that the Staton court chose to relate that statement in its recitation of the evidence and note that this is yet another way in which the evidence in this case bears a striking resemblance to the evidence in Staton.
Noting the meager evidence of C.D.H.'s age, the majority states, "had either side at trial thought it necessary to introduce evidence of C.D.H.'s age, we have no doubt that side could have produced sufficient evidence to conclusively establish C.D.H.'s age." Op. at 613. This same argument was rejected by the Staton court:

*617 The age of a defendant should be an easy element to prove, and the State could presumably have established it through documentary evidence, other witnesses, or through public records. It is tempting to find that this ease of proof leads to a requirement that the State present conclusive evidence of age. But the ease of proof cuts both ways. Staton offered nothing to rebut E.G.'s testimony. The jury can apply its common sense to this record.
Staton, 853 N.E.2d at 475. Here, the trial court applied its common sense to the record. I find no fatal element flaw.
Finally, I recognize, as does the majority, that the State commented during its closing argument that "the defendant's only ten," and during C.D.H.'s sentencing hearing, his probation officer stated, "[C.D.H.] is ten years old." Op. at 614 (citations omitted). I do not believe that either of these statements affects the sufficiency of the State's evidence because they were not evidence during C.D.H.'s delinquency hearing. The deputy prosecutor and probation officer may have been imprecise in making such statements, but they do not constitute evidence.
The majority further notes that the trial court referred to C.D.H. as a "ten-year-old," when it announced its decision. Id. (citation omitted). The sentence to which the majority refers reads, in substantial part: "I believe the mens rae [sic] or the ability for this ten year old and based upon the testimony is, there is some doubt here and I believe the doubt is reasonable that when he walked into that room you better believe he was going in there to touch her. . . ." Tr. p. 323-24. The trial court did not enter a finding that C.D.H. was ten years old, and when read in context, there is nothing in the trial court's statement to suggest that the trial court intended it as such.
I would affirm.
NOTES
[1] A.C. has been diagnosed with Broca Aphasia, a problem with the brain that affects speech, as being mildly mentally retarded, as being bi-polar, and as having impulse problems. The record does not indicate the reasons that C.D.H attended the program.
[2] Ind.Code § 35-42-4-5(a), (b) (offender must be eighteen or older, child must be under sixteen).
[3] Ind.Code § 35-42-4-5(c) (offender must be eighteen or older, child must be under fourteen).
[4] Ind.Code § 35-42-4-6 (if offender is eighteen or older, child must be under fourteen; if offender is twenty-one or older, child must be under sixteen).
[5] Ind.Code § 35-42-4-7 (offender must be eighteen or older and in a position of trust, child must be at least sixteen, but under eighteen).
[6] Ind.Code § 35-42-4-9 (offender must be eighteen or older, child must be at least fourteen but under sixteen).
[7] J.D. was alleged to have committed seven acts of child molestation during a five-year period. J.D. was significantly older than six of his victims, but both J.D. and one of his victims could have both been seven years old at the time of one of the incidents. Id.
[8] The State's brief makes much of A.C.'s diminished mental capacity and her inability to consent. As discussed above, consent is not relevant under the child molestation statute. However, if A.C. did not consent, or truly could not have consented, then the elements of sexual battery appear to be met, and the delinquency proceeding should have been brought under that statute.
[9] We recognize, as does the dissent, that Indiana Code section 35-42-4-3(a) does not contain the "older" requirement. Regardless of whether the legislature intended to create this inconsistency, we remain bound by the language used by the legislature.
[10] The legislature does not define "older" in the statute, and we do not decide here whether "older" means (1) older by some period of time such as one day, one month, or one year, i.e., two children are ten years old, but one who was born a day earlier is "older"; or (2) of a different age, i.e., as long as two children are both ten years old, the child who was born first is not "older" until that child's eleventh birthday.
[11] A.C.'s mother testified that A.C.'s birthday was in April 1994.
[12] We recognize, as does the dissent, that the trial court did not specifically find that C.D.H. was ten years old.
[13] We recognize that this statement made during the sentencing hearing was not evidence at trial.
[14] A.C. stated that she had attended her current school for five years, that she was currently in the fourth grade, and that the first grade she had attended at that school was third grade. She also first responded that she had seen C.D.H. a year ago, then responded that she had seen him two months ago, then responded that she didn't know when she had last seen him. Tr. at 60-61. When asked how old her sister was, A.C. responded "five, six." Tr. at 70. A.C.'s stepfather testified that A.C. "doesn't understand" time concepts. Tr. at 216.
[15] Justice Sullivan, joined by Justice Rucker, dissented and thought that this evidence was insufficient to support a finding beyond a reasonable doubt that the defendant was eighteen. Id.