## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 14 2017, 10:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark F. James
Anderson Agostino & Keller PC
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matter of A.W.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner.* | February 14, 2017<br><br>Court of Appeals Case No.<br>20A03-1606-JV-1333<br><br>Appeal from the Elkhart Circuit Court.<br>The Honorable Terry C. Shewmaker, Judge.<br>The Honorable Deborah Domine, Presiding Magistrate.<br>Cause No. 20C01-1604-JD-158 |

**Darden, Senior Judge**

# Statement of the Case

A.W. appeals from the trial court's order adjudicating him a delinquent for committing what would be the criminal offense of child molesting[1] as a Class B felony if committed by an adult. We affirm.

# Issues

A.W. presents an issue for our review, which we restate as the following two:

    I.    Whether there is sufficient evidence to support his adjudication; and

    II.    Whether the Romeo and Juliet defense set forth in Indiana Code section 35-42-4-9(e) (2014), which defines the criminal offense of sexual misconduct with a minor, should apply in this case.

# Facts and Procedural History

In May of 2014, A.W., who was fifteen years old, had sexual intercourse with T.T., who at that time was a month past her thirteenth birthday. T.T. became pregnant and gave birth in February 2015 to a child whom A.W. later admitted he had fathered. A.W. was friends with T.T.'s older brother and shortly before the incident he had attended T.T.'s birthday party at her home. At the party, there were candles on T.T.'s birthday cake in the shape of numbers indicating that it was her thirteenth birthday.

---

[1] Ind. Code § 35-42-4-3(a) (2007).

[4] On June 5, 2015, pursuant to Indiana Code section 31-37-10-1 (2008), the State filed a petition in St. Joseph County specifically alleging that A.W. was a delinquent child for having committed what would be Class B felony child molesting if committed by an adult. *See* Ind. Code § 35-42-4-3. After a hearing on March 7, 2016, the probate court adjudicated A.W. a delinquent. Prior to disposition, the case was transferred to the juvenile division in Elkhart County. On May 17, 2016, the juvenile court ordered that A.W. be removed from his home and be placed in an Indiana Department of Correction community-based regional campus for treatment. A.W. now appeals.

## Discussion and Decision

### I. Sufficiency of the Evidence

[5] A.W. challenges the sufficiency of the evidence supporting his adjudication. In order to establish that A.W. was a delinquent child, the State was required to establish beyond a reasonable doubt that A.W. committed the criminal offense of child molesting as a Class B felony. *See* Ind. Code § 31-37-14-1 (1997). Child molesting, as alleged in this case, occurs when a person with a child under the age of fourteen performs or submits to sexual intercourse. Ind. Code § 35-42-4-3(a). A.W. argues that there was insufficient evidence of his culpability.

[6] On appeal from a juvenile adjudication, our review involves consideration of only the evidence and reasonable inferences supporting the judgment. *J.R.T. v. State*, 783 N.E.2d 300, 302 (Ind. Ct. App. 2003), *trans. denied*. We neither

reweigh the evidence nor reassess the credibility of the witnesses. *Id.* If we conclude that there is substantial evidence of probative value from which a reasonable trier of fact could conclude that the juvenile had committed the act beyond a reasonable doubt, we will affirm the adjudication. *Id.*

[7] There is no minimum age for the perpetrator of the offense in the child molestation statute. *State v. J.D.*, 701 N.E.2d 908, 909 (Ind. Ct. App. 1998). Indeed, it appears that the legislature intended that the child molesting statute would apply to offenders regardless of their age and would apply to offenders who fall within the protected age group set forth by statute. *Id.* at 910. Further, juvenile delinquency statutes explicitly state that a child commits a delinquent act, if he or she commits an act that would be an offense if committed by an adult before becoming eighteen years old. Ind. Code § 31-37-1-2 (1997).

[8] Additionally, consent is neither an element to be proved nor a defense to the charge of child molestation. *State v. J.D.*, 701 N.E.2d at 912. Nonetheless, T.T. could not have consented to sexual intercourse because Indiana case law has long since held that a female child under fourteen years of age cannot give consent. *Hanes v. State*, 155 Ind. 112, 57 N.E. 704, 706 (1900).

[9] A.W. testified that he had sexual intercourse with T.T., which resulted in her pregnancy and the birth of their child. T.T.'s mother testified that A.W. attended T.T.'s thirteenth birthday party in April 2014, and that he was friends with T.T.'s older brother. Further, A.W. does not dispute on appeal that he had sexual intercourse with T.T. Appellant's Br. p. 7.

Instead, A.W. argues that he was not culpable for the offense because he, too, was a child. "Indiana has a well-established policy to protect the welfare of children. The child molesting statute effectuates this policy by criminalizing the sexual molestation of children." *State v. J.D.*, 701 N.E.2d at 910 (citation omitted). We have previously observed that there is nothing to indicate legislative intent to withdraw the protection provided to children by the statute in order to protect the offender. *Id.* Indeed, there is nothing in the statute to indicate that our legislature intended to exclude the offending "person" who happens to fall within the protected age group. *Id.* Here, A.W. was just one year beyond the protected age group. However, our decision is supported by the juvenile statute, Indiana Code section 31-37-1-2, which acknowledges that the offender is not yet an adult, but has committed the offense.

There is sufficient evidence to support the juvenile court's adjudication.

## II. Romeo and Juliet Defense

A.W. asks this Court to extend what has come to be known as the "Romeo and Juliet" defense found in Indiana Code section 35-42-4-9, sexual misconduct with a minor, to the facts of this case, although being charged under the child molesting statute. However, that same defense does not appear in the child molesting statute. The creation or making of laws in the State of Indiana is a legislative function. Further, the decision to file delinquency or criminal charges against an offender is left to the discretion of the prosecuting attorney within the jurisdiction where the alleged offense occurred. Finding that we are without authority to implement his request, we decline his invitation.

[13]     Specifically, A.W. was charged by the State with child molesting, not sexual misconduct with a minor. The statute proscribing sexual misconduct with a minor, as it was in effect at the time of the offense, refers to the child victim being at least fourteen years of age but less than sixteen years of age engaging in sexual intercourse. Ind. Code § 35-42-4-9.

[14]     Note that the Romeo and Juliet defense as provided in subsection (e) of the statute, states that *all* of the following conditions must apply:

> (1) The person is not more than four (4) years older than the victim.
>
> (2) The relationship between the person and the victim was a dating relationship or an ongoing personal relationship. The term "ongoing personal relationship" does not include a family relationship.
>
> (3) The crime:
>
> (A) was not committed by a person who is at least twenty-one (21) years of age;
>
> (B) was not committed by using or threatening the use of deadly force;
>
> (C) was not committed while armed with a deadly weapon;
>
> (D) did not result in serious bodily injury;
>
> (E) was not facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge; and
>
> (F) was not committed by a person having a position of authority or substantial influence over the victim.

(4) The person has not committed another sex offense (as defined in IC 11-8-8-5.2) (including a delinquent act that would be a sex offense if committed by an adult) against any other person.

[15] In summary, the sexual misconduct with a minor statute does not apply to the facts of this case. At the time of the offense, T.T. was only thirteen years of age. She testified that she and A.W. were friends but not in a dating relationship. Further, the statute plainly states that "it is a defense to a prosecution *under this section*" if all of the factors found therein apply. Ind. Code § 35-42-4-9(e) (emphasis added). The Romeo and Juliet defense is inapplicable to this case.

## Conclusion

[16] In light of the foregoing, the juvenile court's adjudication is affirmed.

[17] Affirmed.

[18] May, J., and Mathias, J., concur.