**Robert SPANN, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–0511–CR–541.**

Court of Appeals of Indiana.

May 26, 2006.

Publication Ordered June 28, 2006.

Jeffrey L. Sanford, South Bend, for Appellant.

Steve Carter, Attorney General of Indiana, Deanna L. Brunner, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Robert Spann, Jr., appeals his convictions for two counts of Class C felony child molesting. We affirm.

### Issues

The issues before us are:

I. whether there is sufficient evidence to support his convictions; and

II. whether the trial court properly refused to instruct the jury that it could convict Spann of the lesser offense of Class B misdemeanor battery instead of Class C felony child molesting for each charge.

### Facts

Thirteen-year-old K.S. was a friend of a boy who lived with Spann, his uncle. K.S. spent much time at Spann's house doing chores and playing video and computer games and often spent the night at Spann's house during the summer. When K.S. would spend the night at Spann's house, he would take a shower before going to bed.

On one occasion in August of 2004, K.S. was waiting to take a shower at Spann's house when his friend came out of the bathroom and told K.S. that it was his turn. When K.S. went into the bathroom, Spann was already in the shower, naked, and Spann told K.S. to disrobe and get in the shower. K.S. did so. Spann then took a washcloth and soap and proceeded to wash K.S.'s back, buttocks, chest, and finally his penis. After washing K.S.'s pe-

nis, Spann asked, "Did it hurt?" Tr. p. 220.

A few days later, K.S. again was spending the night at Spann's house. Normally, when K.S. spent the night he would sleep in a one-person bed in Spann's bedroom while Spann slept in a separate king- or queen-size bed. On this occasion, however, Spann asked K.S. to get into the big bed with him. Before K.S. got into bed, Spann told him, "Don't wear no boxers, just wear your pajama pants and a shirt." *Id.* at 229. K.S. got into the bed facing away from Spann. Shortly after K.S. got into the bed, Spann put one of his legs over K.S.'s legs, then put his hand down K.S.'s pants and touched K.S.'s penis. Spann did not immediately remove his hand from K.S.'s penis, but when he did, K.S. left the big bed and returned to the small bed.

The State charged Spann with two counts of Class C felony child molesting and alleged that he was an habitual offender. The State later dismissed the habitual offender allegation. On September 28, 2005, a jury found Spann guilty of both charges. He now appeals.

### Analysis

#### I. Sufficiency of the Evidence

■ Spann first contends there is insufficient evidence to support his convictions. In addressing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Wright v. State,* 828 N.E.2d 904, 905–06 (Ind.2005). We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* at 906. It is the job of the fact-finder to determine whether the

evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the fact-finder's determination. *Id.*

To convict Spann of two counts of Class C felony child molesting as charged, the State was required to prove that Spann touched or fondled K.S., a child under fourteen years of age, with intent to arouse or satisfy Spann's sexual desires. *See* Ind. Code § 35–42–4–3(b); App. p. 6. Spann specifically contends that, assuming he touched K.S. as K.S. described, there is no evidence that the touching was done with any intent to arouse or satisfy Spann's sexual desires. We disagree.

Spann relies primarily on *Clark v. State,* 695 N.E.2d 999 (Ind.Ct.App.1998), *trans. denied,* where we reversed a conviction for Class C felony child molesting because of insufficient evidence of intent to arouse or gratify sexual desires. The evidence at trial most favorable to the conviction was that the defendant removed all of his six-year-old daughter's clothes except for her shirt, hung her upside down on a nail, and tickled her under the arms. We observed, "Mere touching alone is not sufficient to constitute the crime of child molesting." *Id.* at 1002. In conclusion, we stated, "Although the foregoing facts clearly raise questions concerning the propriety of Clark's behavior, standing alone, they do not constitute substantial evidence of probative value on the element of intent." *Id.*

■ This case is readily distinguishable from *Clark* for at least two reasons. First, Spann touched K.S.'s penis, not his armpits. The intent to arouse or satisfy sexual desires required to support a Class C felony child molesting conviction may be inferred from evidence that the accused intentionally touched a child's genitals. *Kirk v. State,* 797 N.E.2d 837, 841 (Ind.Ct. App.2003), *trans. denied* (quoting *Lockhart v. State,* 671 N.E.2d 893, 903 (Ind.Ct.App.

1996)). There is evidence here that Spann intentionally touched K.S.'s genitals on both occasions. This was sufficient to allow the jury to infer that those touchings were done with intent to arouse or satisfy Spann's sexual desires.

Second, a cellmate of Spann's while he was awaiting trial testified that Spann said he "fondled" K.S. while he was in the shower and again in the bed. Tr. p. 290. He also testified that Spann told him, "he liked them young and smooth, he liked boys young and smooth." *Id.* This additional evidence corroborates K.S.'s testimony and reinforces that Spann's touchings of K.S. were done with intent to arouse or satisfy his sexual desires. There is sufficient evidence to support Spann's convictions.

## II. Jury Instructions

■ Spann next argues that the trial court should have instructed the jury that it had the option of convicting Spann of Class B misdemeanor battery instead of Class C felony child molesting for both charges. With respect to claims, such as Spann's, that a trial court should have instructed the jury on a lesser-included offense, our supreme court has formulated a three-part test for determining whether a trial court must give such an instruction:

First, the trial court must compare the statute defining the crime charged with the statute defining the alleged lesser-included offense to determine if the alleged lesser-included offense is inherently included in the crime charged. Second, if a trial court determines that an alleged lesser-included offense is not inherently included in the crime charged under step one, then it must determine if the alleged lesser-included offense is factually included in the crime charged. If the alleged lesser-included offense is neither inherently nor factually included

in the crime charged, the trial court should not give an instruction on the alleged lesser-included offense. Third, if a trial court has determined that an alleged lesser-included offense is either inherently or factually included in the crime charged, it must look at the evidence presented in the case by both parties to determine if there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater. "[I]t is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense" if there is such an evidentiary dispute.

*Fisher v. State*, 810 N.E.2d 674, 678 (Ind. 2004) (quoting *Wright v. State*, 658 N.E.2d 563, 565–67 (Ind.1995)).[1] If a trial court makes a finding that there is no serious evidentiary dispute and refuses to give a lesser-included offense instruction on that basis, we review its decision for an abuse of discretion. *McEwen v. State*, 695 N.E.2d 79, 84 (Ind.1998). Otherwise, we review de novo a trial court's refusal to give a lesser-included offense instruction. *Id.*

A person commits Class B misdemeanor battery if he or she knowingly or intentionally touches another person in a rude, insolent, or angry manner. I.C. § 35–42–2–1(a). Here, the trial court concluded that Class B misdemeanor battery is not an inherently included offense of child molesting, but that it was factually included here because the State alleged that Spann molested K.S. by touching and/or fondling him. This is consistent with our holding in

*Pedrick v. State*, 593 N.E.2d 1213, 1217 (Ind.Ct.App.1992). The trial court went on to state, however, "I don't believe there is any serious evidentiary dispute as it relates to whether the touching was accidental or non-accidental or not intended to arouse or satisfy the sexual desires.... [The touching] either occurred with the intent to satisfy or gratify sexual desires, or it did not occur at all." Tr. pp. 344–45. Based on this finding, we review the trial court's refusal to instruct the jury on the lesser-included offense of battery for an abuse of discretion. *See McEwen*, 695 N.E.2d at 84. We agree with the analysis of the trial court.

■ Spann did not testify on his own behalf at trial. Concerning the shower incident, counsel argued to the jury that Spann merely helped K.S. clean up in the shower and that there was no sexual intent. This explanation defies logic. K.S. was an able-bodied thirteen-year-old, perfectly capable of washing himself. He was not a young child and did not have a disability that prevented him from adequately washing himself. Spann was not a doctor or nurse who touched K.S.'s penis for medical reasons. Simply put, under such circumstances one does not take hold of another person's penis unless there is sexual intent. There is but one reasonable inference here, and that is that Spann's washing of K.S.'s penis was done with the intent to arouse or gratify Spann's sexual desires. We find it inconceivable that the jury might have found Spann's touching and washing of K.S.'s penis to be "rude, insolent, or angry" but not done with sexual intent. The trial court did not abuse its discretion in refusing to give an instruction on Class B misdemeanor battery for this count.

1. Both parties rely on cases predating *Wright* that utilized a two-part test in analyzing lesser-included offense instructions. *Wright* was written for the purpose of clarifying the earlier case law and discarding the two-part test in favor of the three-part test. *See Fisher*, 810 N.E.2d at 678.

■ With respect to the incident in the bed, part of Spann's argument seems to be that he could have been asleep when he touched K.S.'s penis. If that were true, however, there would be no basis for finding Spann guilty of either child molesting or battery, because the requisite mens rea of a knowing or intentional touching would be lacking in either case. The jury could not find Spann guilty of battery but not guilty of child molesting. To the extent Spann argues alternatively that there was no sexual intent in the touching, similar to his argument regarding the shower incident, we reject that argument as illogical for the same reasons we rejected it regarding the shower incident. Under these circumstances, there is no logical explanation for knowingly or intentionally putting one's hand down another person's pants and touching the other person's genitals while lying next to him in bed other than that it was done with sexual intent. The trial court did not abuse its discretion in refusing to give an instruction on battery for this count.

We also note that the facts of this case are distinguishable from those in *Pedrick*, where we held that the trial court committed reversible error in declining to instruct the jury on the elements of Class B misdemeanor battery as a lesser-included offense of Class C felony child molesting. *Pedrick*, 593 N.E.2d at 1217. The facts of that case were that Pedrick, a substitute teacher, touched and/or rubbed the posterior, breasts, and stomach of several fourth- and fifth-grade girls while they were clothed. Pedrick claimed that the touchings had been done with the intent of encouraging the girls in connection with relay races he had been supervising. Based on these facts and arguments we concluded, "the evidence does not rule out the existence of a serious evidentiary dispute on the issue of Pedrick's intent." *Id.* We believe the facts and circumstances here are much clearer: directly touching a child's genitals while in a shower or bed with him is much more undisputedly evidence of sexual intent than was the case in *Pedrick*. We conclude that case does not control the outcome here.

### Conclusion

There is sufficient evidence to support Spann's convictions, and the trial court did not abuse its discretion in refusing to instruct the jury on the lesser-included offense of Class B misdemeanor battery for both child molesting charges. We affirm.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.

### *ORDER*

The Appellee, by counsel, has filed a Verified Motion for Publication of Memorandum Decision. In its Motion, Appellee states that the Court's decision clarifies the requisite intent to arouse or satisfy sexual desires required to support a class C felony child conviction, and that the importance of this case is also shown where this Court distinguishes the current case from *Clark v. State*, 695 N.E.2d 999 (Ind.Ct.App.1998).

Therefore, pursuant to Appellate Rule 65, Appellee requests the Court order publication of its May 26, 2006 decision.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellee's Verified Motion for Publication of Memorandum Decision is GRANTED, and this Court's opinion heretofore handed down on May 26, 2006 is now ORDERED PUBLISHED.

BARNES, FRIEDLANDER, MATHIAS, JJ., concur.