
FILED

Jan 31 2014, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**KAREN CELESTINO-HORSEMAN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| T.G., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1305-JV-238 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Gary Chavers, Magistrate
Cause No. 49D09-1210-JD-2664

**January 31, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

T.G., a minor, appeals from his adjudication as a juvenile delinquent based on the trial court's finding that he committed an act that would be class C felony child molesting if committed by an adult. On appeal, he argues that the evidence is insufficient to support the trial court's finding and that the child molesting statute is unconstitutionally vague as applied to him. Concluding that the evidence is sufficient and that the statute is not unconstitutionally vague, we affirm.

**Facts and Procedural History**

The facts most favorable to the true finding follow. T.G.'s mother ("Mother") operated a daycare center from her home. Mother's boyfriend watched the children when she had to leave the daycare. In August of 2012, T.G. was eleven years old. During that summer, T.G. and his three sisters stayed at home during the daycare hours. Six-year-old T.A.G. attended the daycare along with her siblings, including her older sister T.M.

During daycare hours, the children stayed predominantly in the front room where there was a couch, a chaise lounge, a television, and toys. Mother or her boyfriend were always in the room with the children. T.A.G. did not play with T.G., but sometimes they watched television. When T.A.G. went to the restroom down the hallway, T.G. would kiss her on her lips with his mouth open, which she did not like. Tr. at 22. On or about August 3, 2012, T.G. and T.A.G. were sitting on the chaise lounge watching television. T.G. "kept telling [T.A.G.] to touch his private part." *Id.* at 21. She put her hand in his pants and touched his private part. T.G. put his hand inside her underwear and rubbed the part of her body where

2

she peed. *Id.* at 24. Mother and T.M. were sitting on the couch, which was about four feet from the chaise lounge, but neither saw these acts occur. This was not the first time T.G. had put his hand inside T.A.G.'s underwear and touched her genitals. *Id.*

At some point, T.M. told Mother's boyfriend that T.G. and T.A.G. kissed. He informed Mother, and Mother told T.A.G.'s mother. Detective Chris Lawrence, a child abuse detective with the Indianapolis Police Department, investigated the case and interviewed T.G. During the interview, T.G. stated that one day he kissed T.A.G. on the cheek after she repeatedly asked him to and that T.A.G. had asked him to touch her vagina when they were sitting on the chaise lounge watching television but he did not.[1]

The State alleged that T.G. was a delinquent child because he committed three acts that would constitute one class B felony and two class C felony child molestations if committed by an adult. Following a factfinding hearing, the trial court entered a true finding that T.G. committed an act that would constitute class C felony child molesting if committed by an adult. T.G. appeals.

## Discussion and Decision

### I. *Sufficiency of the Evidence*

Our standard of review for claims of insufficient evidence with respect to juvenile delinquency adjudications is well settled:

> We neither reweigh the evidence nor judge the credibility of witnesses. The State must prove beyond a reasonable doubt that the juvenile committed the charged offense. We examine only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. We will

---

[1] The recorded interview was admitted into evidence. Respondent's Ex. F.

3

affirm if there exists substantive evidence of probative value to establish every material element of the offense. Further, it is the function of the trier of fact to resolve conflicts in testimony and to determine the weight of the evidence and the credibility of the witnesses.

*K.D. v. State*, 754 N.E.2d 36, 38-39 (Ind. Ct. App. 2001) (citations omitted).

To sustain a true finding that T.G. committed an act that would constitute class C felony child molesting if committed by an adult, the State was required to prove beyond a reasonable doubt that T.G. with T.A.G., a child under fourteen years of age, performed or submitted to fondling or touching with the intent to arouse or satisfy the sexual desires of T.G., who is older than T.A.G. *See* Ind. Code § 35-42-4-3(b); Appellant's App. at 19.

T.G. presents two challenges to the sufficiency of the evidence. First, he argues that the evidence is insufficient to establish that he submitted to fondling or touching with T.A.G. Here, T.A.G. testified that T.G. touched her vagina and she touched his penis. "The uncorroborated testimony of a single witness may suffice to sustain the delinquency adjudication." *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*. T.G.'s argument that neither Mother nor T.M. saw the alleged acts and that he never admitted that he touched T.A.G. during his interrogation is merely an invitation to reweigh the evidence and judge witness credibility, which we will not do.

Second, T.G. contends that the evidence is insufficient to establish that the touching or fondling was committed with the intent to arouse or satisfy his sexual desires. He argues that he was only eleven years old when he committed the offense and that the evidence that is sufficient to establish intent to arouse or satisfy sexual desire in the case of an adult perpetrator is insufficient in the case of a child perpetrator. We observe that

4

> [m]ere touching alone is not sufficient to constitute the crime of child molesting. The State must also prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. The intent element of child molesting may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points.

*Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind. 2000) (citations omitted). Further, the "intent to gratify required by the statute must coincide with the conduct; it is the purpose or motivation for the conduct." *DeBruhl v. State*, 544 N.E.2d 542, 546 (Ind. Ct. App. 1989). T.G. asserts that a "sexually mature adult understands that the feelings are sexual in nature and has the knowledge and experience to intentionally act upon those feelings," but eleven-year-old T.G. "could just as likely have been experimenting and testing his own sexual development, touching someone else for the first time without understanding or knowing what it might lead to, i.e., arousal or satisfaction." Appellant's Br. at 16.

The State argues that "'the intent to arouse or satisfy sexual desires required to support a class C felony child molesting conviction may be inferred from evidence that the accused intentionally touched a child's genitals.'" Appellee's Br. at 8 (quoting *Spann v. State*, 850 N.E.2d 411, 414 (Ind. Ct. App. 2006)). Spann appealed his two convictions for class C child molesting, arguing that there was insufficient evidence that he touched the victim with intent to arouse or satisfy his sexual desires. Thirteen-year-old K.S. was a friend of Spann's nephew. K.S. was spending the night with his friend at Spann's home. When it was K.S.'s turn to take a shower, he discovered that Spann was already naked in the shower. Spann told K.S. to disrobe and get in the shower. Spann washed K.S.'s body, including his penis. A few days later, when K.S. was spending the night again, Spann told K.S. to sleep with him.

5

When K.S. got into bed, Spann put his leg over K.S.'s legs and put his hand down his pants and touched K.S.'s penis. The *Spann* court concluded that there was sufficient evidence to support Spann's convictions. *Id*.; *but cf. J.H. v. State*, 655 N.E.2d 624, 626 (Ind. Ct. App. 1995) (reversing delinquency adjudication of twelve-year-old female where she used her finger to flick two boys, ages four and five, on the penis while they were fully clothed because "there is no natural consequence associated with a twelve-year-old girl flicking little boys on the penis hard enough to hurt them. It is certainly mean, and it might constitute battery, but it alone is insufficient to amount to child molesting."), *trans. denied* (1996). Spann was an adult, and therefore his case does not deal with the question that T.G. presents; that is, because children may experiment by looking at and touching another child's genitals, it is unreasonable to infer intent to satisfy or arouse sexual desire solely from the fact that the child intentionally touched another child's genitals.

This Court has held that "the Legislature intended that minors under the age of fourteen may be adjudged to be juvenile delinquents under the child molesting statute." *W.C.B. v. State*, 855 N.E.2d 1057, 1061 (Ind. Ct. App. 2006) (citing *State v. J.D.*, 701 N.E.2d 908, 910 (Ind. Ct. App. 1998)), *trans. denied* (1999). However, "'in situations where there clearly is no criminal intent, such as where very young children engage in innocent sexual play, an allegation of juvenile delinquency based upon such play would be inappropriate.'" *Id.* (quoting *J.D.*, 701 N.E.2d at 909-10). When a child is accused of child molestation, evidence that the accused intentionally touched the younger child's genitals may not be, by itself, sufficient to establish that the touching was committed with the intent to arouse or

6

satisfy sexual desire. Although "the intent to arouse or satisfy sexual desires required to support a class C felony child molesting conviction *may* be inferred from evidence that the accused intentionally touched a child's genitals," *Spann*, 850 N.E.2d at 414 (emphasis added), our standard also provides that the "intent element of child molesting may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points."[2] *Bowles*, 737 N.E.2d at 1152. Therefore, in assessing whether the evidence is sufficient to establish that T.G. touched T.A.G. with the intent to arouse or satisfy sexual desire, we will consider whether the circumstantial evidence and the actor's conduct and the natural and usual sequence to which such conduct usually points supports the inference.

T.G. suggests that expert testimony should be required to establish the intent element of child molesting when a child is the accused. Based on the evidence in this case, we conclude that expert testimony is unnecessary. The evidence yields several circumstances that are relevant to whether T.G. touched T.A.G. with the intent to arouse or satisfy his sexual desires. First, the ages of the children are relevant. T.G. was eleven years old. He is

---

[2] The State seems to imply that the intentional touching of a child's genitals is all the evidence that is needed to support a reasonable inference that the touching was with the intent to arouse or satisfy sexual desires. The intentional touching of a child's genitals cannot always support a reasonable inference that the touching was committed with the intent to arouse or satisfy sexual desires. For example, there could be an injury to the genitals which requires medical attention. Therefore, the circumstantial evidence and the actor's conduct and the natural and usual sequence to which the conduct points is a necessary consideration in determining whether the intentional touching of a child's genitals supports a reasonable inference of intent to arouse or satisfy sexual desires.

7

not a very young child.[3]  T.G. is significantly older than T.A.G., who was only six.  They cannot be considered peers.  The purpose of the child molestation statute "is to prohibit the sexual exploitation of children by those with superior knowledge or experience who are therefore in a position to take advantage of children's naivety." *C.D.H. v. State*, 860 N.E.2d 608, 612 (Ind. Ct. App. 2007), *trans. denied.*  Also, "'age differential is an important factor that may and should be considered' when determining a minor's criminal liability under a statute proscribing lewd or lascivious conduct with a child." *Id.* (quoting *In re P.M.*, 592 A.2d 862, 864 (Vt. 1991)).  Second, T.G. had previously kissed T.A.G. on the lips with an open mouth.  Third, this was not the first time that he put his hand in her underwear and touched her genitals.  Fourth, T.G. rubbed T.A.G.'s genitals, he did not simply touch them.  Fifth, he told T.A.G. to touch his penis, not once, but repeatedly.  Given all these circumstances, a reasonable factfinder could find beyond a reasonable doubt that T.G. touched or fondled T.A.G. with the intent to arouse or satisfy his sexual desires.  We stress that in other cases, different or additional factors may be present that shed light on the accused child's intent.  Based on the foregoing, we conclude that there was sufficient evidence to sustain the true finding that T.G. committed an act that would constitute class C felony child molesting if committed by an adult.

---

[3] Citing a Fairfax County, Virginia, Department of Family Services website, T.G. states that children between nine and twelve years old may begin to experiment with sexual behaviors with other children.  This information was not presented to the trial court.  "It is well settled that matters outside the record cannot be considered by this court on appeal." *Carrillo v. State*, 982 N.E.2d 461, 467 n.4 (Ind. Ct. App. 2013) (citation and quotation marks omitted).

## II. Constitutionality of Child Molesting Statute

T.G. argues that Indiana Code Section 35-42-4-3(b) ("the Child Molesting Statute") is void for vagueness as applied to him and is therefore unconstitutional under both the Indiana and United States Constitutions.[4] We review this issue with the following principles in mind:

> A challenge to the validity of a statute must overcome a presumption that the statute is constitutional. The party challenging the statute has the burden of proving otherwise.
>
> Due process principles advise that a penal statute is void for vagueness if it does not clearly define its prohibitions. A criminal statute may be invalidated for vagueness for either of two independent reasons: (1) for failing to provide notice enabling ordinary people to understand the conduct that it prohibits, and (2) for the possibility that it authorizes or encourages arbitrary or discriminatory enforcement. A related consideration is the requirement that a penal statute give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden so that no [person] shall be held criminally responsible for conduct which he [or she] could not reasonably understand to be proscribed. In *State v. Downey*, 476 N.E.2d 121, 123 (Ind. 1985), this Court emphasized that "there must be something in a criminal statute to indicate where the line is to be drawn between trivial and substantial things so that erratic arrests and convictions for trivial acts and omissions will not occur. It cannot be left to juries, judges, and prosecutors to draw such lines." Accordingly, the statutory language must convey sufficiently definite warning as to the proscribed conduct when measured by common understanding.
>
> But a statute is not void for vagueness if individuals of ordinary intelligence could comprehend it to the extent that it would fairly inform them of the generally proscribed conduct. And the statute does not have to list specifically all items of prohibited conduct; rather, it must inform the individual of the conduct generally proscribed. The examination of a vagueness challenge is performed in light of the facts and circumstances of each individual case.

---

[4] The State contends that T.G. failed to raise this issue before the trial court, and therefore it is waived. "Even though the general rule is that failure to challenge the constitutionality of a statute at trial results in waiver of review on appeal, [Indiana appellate courts have long exercised their] discretion to address the merits of a party's constitutional claim notwithstanding waiver." *Plank v. Cmty. Hosps. of Ind., Inc.*, 981 N.E.2d 49, 53-54 (Ind. 2013). We exercise our discretion to do so now.

*Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007) (citations and quotation marks omitted).

T.G. presents two arguments: (1) the Child Molesting Statute fails to provide notice; and (2) it authorizes or encourages arbitrary or discriminatory enforcement. The Child Molesting Statute provides, "A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony."

First, T.G. argues that the Child Molesting Statute fails to provide notice enabling children to understand the conduct that it prohibits. He contends that an eleven-year-old might not know that an act was sexual in nature or would result in sexual arousal or desire, especially if it was the first time the child touched another child's genitals. We do not think that such a possibility renders the statute void for vagueness for the following reason. If a child does not know that an act would result in sexual arousal or desire, then that child could not have the required intent to have committed child molesting. If a child knows that an act would result in sexual arousal or desire, then the Child Molesting Statute provides sufficient notice to the child that such an act is prohibited. T.G.'s argument is also unavailing in that it fails to address whether the Child Molesting Statute provides adequate notice in light of the facts and circumstances of this particular case. T.G. also seems to argue that a factfinder cannot determine whether a child has the requisite criminal intent. This consideration goes to whether the statute authorizes or encourages arbitrary or discriminatory enforcement, not whether it provides sufficient notice. Accordingly, T.G. has failed to carry his burden to

10

show that the Child Molesting Statue fails to provide notice enabling ordinary people to understand the conduct that it prohibits.

Second, T.G. argues that if "intent is determined solely from the conduct and circumstances without expert testimony, then there will be arbitrary or discriminatory enforcement." Appellant's Br. at 24. He asserts that arbitrary and discriminatory enforcement will occur because the factfinder may or may not apply the same standard that is applied to a sexually mature person. We disagree that expert testimony is required. As our analysis in the previous section shows, the circumstantial evidence and the child's conduct and natural and usual sequence to which such conduct usually points is a reasonable standard from which to determine whether a child had the requisite intent to arouse or satisfy his or her sexual desires. We conclude that T.G. has failed to carry his burden to show that the Child Molesting Statue authorizes or encourages arbitrary or discriminatory enforcement. Therefore, we reject his contention that it is void for vagueness. Based on the foregoing, we affirm T.G.'s adjudication as a juvenile delinquent.

Affirmed.

BAKER, J., and NAJAM, J., concur.