# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 12 2018, 9:32 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.H., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 12, 2018 <br><br> Court of Appeals Case No. 36A01-1708-JV-2033 <br><br> Appeal from the Jackson Superior Court <br><br> The Honorable Bruce Allan MacTavish, Judge <br><br> Trial Court Cause No. 36D02-1609-JD-55 |

**Pyle, Judge.**

# Statement of the Case

D.H. appeals his adjudication as a delinquent child for committing three acts that would be Level 4 felony child molesting if committed by an adult. He argues that the juvenile court did not properly obtain jurisdiction and that there is insufficient evidence to support the adjudication. Concluding that the juvenile court properly obtained jurisdiction and that there is sufficient evidence to support the juvenile delinquency adjudication, we affirm the juvenile court.

We affirm.

# Issues

1. Whether the juvenile court properly obtained jurisdiction.

2. Whether there is sufficient evidence to support D.H.'s adjudication as a delinquent child.

# Facts

The facts most favorable to the adjudication reveal that M.I. ("Mother") has three children. Son D.H., who was born in 2003, lives with Mother and her current husband in Seymour, Indiana. Daughters, S.B., who was born in 2004, and J.B., who was born in 2006, live with their Father in Florida and visit Mother during school breaks. During one of the girls' visits in 2014, then-eleven-year-old D.H. inappropriately touched then-eight-year-old J.B. D.H. "was curious and was not sure if [the touching] was right or not." (Ex. Vol. at 107).

[4]     Two years later, while the girls were visiting their Mother in June 2016, then-thirteen-year-old D.H. went into then-ten-year-old J.B.'s bedroom at night and used his hand and "private part" to touch J.B.'s "private part." (Tr. 42). D.H. inappropriately touched J.B. on more than one occasion.

[5]     In July 2016, J.B. fell asleep watching television in her bedroom. When she woke up at approximately 1:00 a.m., D.H. was next to her in the bed. D.H. pulled J.B.'s shorts down to her knees and moved his hand up and down on J.B.'s "private part." (Tr. 37). D.H. also touched J.B.'s "private part" with his "private part," as he had on other occasions. (Tr. 37).

[6]     Mother entered J.B.'s bedroom, noticed her two children under the covers, and asked D.H. what he was doing. He responded that he was watching television. When Mother told D.H. to watch television in his own room, D.H. responded that he did not want to do that. Mother, who "knew something was wrong," pulled back the covers of the bed and discovered J.B. and D.H. Both had their shorts down to their knees, their genitals were exposed, and D.H. may have had an erection. (Tr. 38). Mother immediately contacted the police.

[7]     Following an investigation, D.H. was removed from Mother's home and placed with his grandparents. In September 2016, the State filed a petition alleging that D.H. was a delinquent child. A detailed three-page probable cause affidavit was filed with the petition. The evidence presented at a hearing on the petition revealed that D.H. had accessed and watched a pornographic cartoon website before the July 2016 incident involving J.B. After the hearing, the

juvenile court adjudicated D.H. to be a delinquent child.  He now appeals the adjudication.

# Decision

[8] D.H. appeals his adjudication as a delinquent child for committing three acts that would be Level 4 felony child molesting if committed by an adult.  He argues that the juvenile court did not properly obtain jurisdiction and that there is insufficient evidence to support the adjudication.  We address each of his contentions in turn.

## 1.  Jurisdiction

[9] D.H. first contends that the juvenile court failed to follow the procedural steps necessary to obtain jurisdiction.  He specifically refers to the jurisdictional requirement that the prosecutor make a preliminary inquiry into the case before filing a delinquency petition.[1]  *See* IND. CODE § 31-37-8-1(c).  Generally, noncompliance with this procedural prerequisite precludes the juvenile court's assumption of jurisdiction over the juvenile.  *Matter of C.K.*, 695 N.E.2d 601, 603 (Ind. Ct. App. 1998), *trans. denied*.  However, where, as here, the child has committed a serious adult crime, inquiry by the court into further social history is unnecessary and not required by the statute defining preliminary inquiry.

---

[1] A preliminary inquiry is an informal investigation into the facts and circumstances of the case.  IND. CODE § 31-37-8-2.  Whenever practicable, it should include the child's background, current status, and school performance.  *Id.*  If the child has been detained, the preliminary inquiry should include efforts made to prevent removal of the child, whether it is in the best interest of the child to be removed, and whether remaining in the home would be contrary to the health and welfare of the child.  *Id.*

*Collins v. State,* 540 N.E.2d 85, 87 (Ind. Ct. App. 1989), *trans. denied.* Because D.H. was alleged to be a delinquent child based upon an act that would constitute a serious crime if committed by an adult, no further inquiry in addition to that contained in the probable cause affidavit was necessary. *See id.* The juvenile court properly obtained jurisdiction over this case.

## 2. Sufficiency of the Evidence

[10] D.H. also argues that there is insufficient evident to support his adjudication as a delinquent child. Although juvenile adjudications are not criminal matters, when the State petitions to have a child adjudicated to be a delinquent child for an act that would be a crime if committed by an adult, due process requires the State to prove its case beyond a reasonable doubt. *S.M. v. State*, 74 N.E.3d 250, 253 (Ind. Ct. App. 2017). When reviewing whether the State's evidence was sufficient to meet its burden, our standard is familiar. *Id.* We view the facts and the reasonable inferences from them in the light most favorable to the true finding. *Id.* We neither reweigh the evidence nor re-evaluate witness credibility. *Id.* Rather, we will affirm unless no reasonable fact-finder could have found the elements of the crime proven beyond a reasonable doubt. *Id.*

[11] To sustain the true finding that D.H. committed acts that would constitute Level 4 felony child molesting if committed by an adult, the State was required to prove beyond a reasonable doubt that D.H., with a child under fourteen years of age, J.B., performed or submitted to fondling or touching with the intent to arouse or satisfy his sexual desires. *See* IND. CODE § 35-42-4-3. This

Court has previously pointed out that the child molestation statute does not contain a minimum age for the perpetrator of the offense. In *State v. J.D.*, 701 N.E.2d 908, 910 (Ind. Ct. App. 1998), *trans. denied*, we concluded the "Legislature intended that the child molesting would apply to offenders regardless of their age and would even apply to offenders who f[e]ll within the protected age group set forth in the statute."[2]

[12] D.H. challenges his adjudication as a delinquent child. Specifically, he contends that there is insufficient evidence that he had the intent to arouse or satisfy his sexual desires. Rather, according to D.H., "Indiana should not make children into criminals for peer exploration." (D.H.'s Br. at 16).

[13] In *T.G. v. State*, 3 N.E.3d 19, 24 (Ind. Ct. App. 2014), *trans. denied*, we held that "it is unreasonable to infer intent to satisfy or arouse sexual desire solely from the fact that [a] child intentionally touched another child's genitals" given that children may experiment by looking at and touching another child's genitals. Accordingly, we explained that other circumstances must be present to indicate such intent. *Id.*

[14] For example, in *T.G.*, we found "several circumstances" that were relevant to whether T.G., who was male, had touched the female victim with the intent to arouse or satisfy his sexual desires. *Id.* at 25. First, we found that the ages of

---

[2] We decline D.H.'s request that we "review and revise [our] position" that minors under the age of fourteen can be adjudged to be juvenile delinquents pursuant to the child molesting statute. (D.H.'s Br. 17).

the children were relevant. *Id.* T.G., who was eleven years old, was significantly older than the six-year-old victim, and they could not be considered to be peers. *Id.* We also noted the extent of the conduct as well as the history of similar conduct were both relevant as well. *Id.* For example, T.G. had previously kissed the victim on the lips with an open mouth, put his hand in her underwear, and touched her genitals. *Id.* In addition, T.G. had not simply touched the victim's genitals, he had rubbed them, and he had repeatedly told the victim to touch his penis. *Id.* Given all of these circumstances, we held that a reasonable factfinder could have found beyond a reasonable doubt that T.G. had touched or fondled the victim with the intent to arouse or satisfy his sexual desires. *Id.* Accordingly, we affirmed T.G.'s true finding. *Id.*

[15] Here, as in *T.G.*, we find the presence of circumstances to indicate D.H.'s intent to arouse or satisfy his sexual desires. First, thirteen-year-old D.H. was three years older than J.B., and they could not be considered peers. In addition, D.H. had begun inappropriately touching J.B. in 2014. His acts continued in 2016, when he had not simply touched J.B.'s genitals but had moved his hand up and down on them. He had also accessed and watched a pornography cartoon website before touching J.B.'s genitals with his penis. This evidence is sufficient to support D.H.'s intent and adjudication as a delinquent child.

[16] Affirmed.

Vaidik, C.J., and Barnes, J., concur.