## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Jul 18 2018, 10:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth A. Johnson
Marion County Public Defender
Indianapolis, Indiana

Joel M. Schumm
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| C.M.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 18, 2018<br><br>Court of Appeals Case No.<br>49A02-1712-JV-2762<br><br>Appeal from the Marion Superior<br>Court, Juvenile Division<br><br>The Honorable Marilyn Moores,<br>Judge<br><br>The Honorable Geoffrey Gaither,<br>Magistrate<br><br>Trial Court Cause No.<br>49D09-1708-JD-1120 |

**Barnes, Senior Judge.**

## Case Summary

[1] C.M. appeals his adjudication as a juvenile delinquent for committing an act

that would be Level 3 felony attempted child molesting. We affirm.

# Issues

C.M. raises two issues, which we restate as:

    I.    whether C.M.'s due process rights were violated by an error in the petition; and

    II.    whether the evidence is sufficient to sustain C.M.'s adjudication.

# Facts

On July 16, 2017, Barbara Humphrey was babysitting her four-year-old great niece, H.S. H.S. was swinging in her fenced backyard, and Humphrey went inside to use the restroom. When she returned to the backyard, she could not locate H.S. She saw that the side gate was open and walked through the gate. She saw H.S. on the ground on her stomach with her arms out and her pants and underwear pulled down. Thirteen-year-old C.M., who lived next door, was on top of H.S. and had his pants and underwear pulled down. He was making a thrusting motion on top of H.S. When Humphrey yelled at C.M., he jumped away. H.S. was crying hysterically and had urinated on herself, which was unusual for H.S. H.S. told Humphrey that C.M. "said he was gonna show me how he could put his 'pee pee' in my butt." Tr. Vol. II p. 25.

The State alleged that C.M. was delinquent for committing acts that would be Level 3 felony attempted child molesting and Level 4 felony child molesting. The petition alleged:

    Count 1 Attempted Child Molesting, Level 3 Felony

I.C. 35-42-4-3(a) and I.C. 35-41-5-1

On or about the 16th day of July, 2017, said child did attempt to knowingly or intentionally perform or submit to sexual intercourse or other sexual conduct (as defined in IC 35-3l.5-2-221.5) with a Child under fourteen (14) years of age, to wit: [H.S.], who was four (4) years of age, when [H.S.] was on her [stomach] on the ground with her pants and underwear pulled halfway down and said child was on top of [H.S.] with his pants and underwear pulled all the way down, which constituted a substantial step toward the commission of Attempted Child Molesting, Level 3 Felony.

Count 2 Child Molesting, Level 4 Felony

I.C. 35-42-4-3(b)

On or about the 16th day of July, 2017, said child did with [H.S.], a child under fourteen (14) years of age, to wit: 4 years of age, perform or submit to fondling or touching with intent to arouse or satisfy the sexual desires of [C.M. or H.S.].

Appellant's App. Vol. II p. 24; Tr. Vol. II p. 5. After a fact-finding hearing, the trial court found that the allegations were true. Due to double jeopardy concerns, the trial court "merged" the Level 4 felony adjudication. Appellant's App. Vol. II p. 180. C.M. now appeals.

# Analysis

## I. Due Process

C.M. argues that his due process rights were violated because the petition alleged a "non-existent offense" of "attempted attempted child molesting." Appellant's Br. pp. 8, 10. C.M. points out the petition alleged that he committed a "substantial step toward the commission of Attempted Child Molesting, Level 3 Felony," which he interprets as attempted attempted child

molesting. Appellant's App. Vol. II p. 24. C.M. contends that this offense does not exist.

[6] First, we note that C.M. did not object to this language in the petition. "'The proper method to challenge deficiencies in a charging information is to file a motion to dismiss the information, no later than twenty days before the omnibus date.'" *Leggs v. State*, 966 N.E.2d 204, 207 (Ind. Ct. App. 2012) (quoting *Miller v. State*, 634 N.E.2d 57, 60 (Ind. Ct. App. 1994) (citing Ind. Code § 35-34-1-4)). C.M. did not object or move for dismissal of the petition and has waived the issue.

[7] To avoid waiver, C.M. must demonstrate fundamental error. *See id.* Although C.M. makes no fundamental error argument, we will address the issue. "[I]t is a due process violation for the State to convict people of crimes that do not exist." *Wilhoite v. State*, 7 N.E.3d 350, 352 (Ind. Ct. App. 2014). "For error in a charging information to be fundamental, 'it must mislead the defendant or fail to give him notice of the charges against him so that he is unable to prepare a defense to the accusation.'" *Leggs*, 966 N.E.2d at 207 (quoting *Miller*, 634 N.E.2d at 61). C.M. was adjudicated a delinquent child for committing an act that would be Level 3 felony attempted child molesting, not attempted attempted child molesting. The language on the petition was merely a scrivener's error, and there is no indication that the parties were confused about the charge. C.M. does not argue that he was misled by the petition or he was unable to formulate a defense. We find no fundamental error here.

### II. Sufficiency of the Evidence

Next, C.M. argues that the evidence is insufficient to sustain his adjudication as a delinquent child. When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of that crime beyond a reasonable doubt. *Z.A. v. State*, 13 N.E.3d 438, 439 (Ind. Ct. App. 2014). When reviewing the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* We consider only "the evidence of probative value and the reasonable inferences that support the determination." *Id.*

To prove Level 3 felony child molesting if committed by an adult, the State had to prove that C.M. knowingly or intentionally attempted to perform or submit to sexual intercourse or other sexual conduct with H.S., who was under fourteen years old. C.M. argues that there was no evidence that he intended to make "contact with H.S.'s anus." Appellant's Br. p. 13. He points to his young age and argues that "age does matter in assessing intent." Appellant's Reply Br. p. 7.

We addressed a similar argument in *T.G. v. State*, 3 N.E.3d 19, 24-25 (Ind. Ct. App. 2014), *trans. denied*. There, we noted:

> This Court has held that "the Legislature intended that minors under the age of fourteen may be adjudged to be juvenile delinquents under the child molesting statute." *W.C.B. v. State*, 855 N.E.2d 1057, 1061 (Ind. Ct. App. 2006) (citing *State v. J.D.*, 701 N.E.2d 908, 910 (Ind. Ct. App. 1998)), *trans. denied* (1999). However, "'in situations where there

clearly is no criminal intent, such as where very young children engage in innocent sexual play, an allegation of juvenile delinquency based upon such play would be inappropriate.'" *Id.* (quoting *J.D.*, 701 N.E.2d at 909-10). When a child is accused of child molestation, evidence that the accused intentionally touched the younger child's genitals may not be, by itself, sufficient to establish that the touching was committed with the intent to arouse or satisfy sexual desire. Although "the intent to arouse or satisfy sexual desires required to support a class C felony child molesting conviction may be inferred from evidence that the accused intentionally touched a child's genitals," *Spann* [*v. State*, 850 N.E.2d 411, 414 (Ind. Ct. App. 2006)](emphasis added), our standard also provides that the "intent element of child molesting may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points." *Bowles* [*v. State*, 737 N.E.2d 1150, 1152 (Ind. 2000)]. Therefore, in assessing whether the evidence is sufficient to establish that T.G. touched T.A.G. with the intent to arouse or satisfy sexual desire, we will consider whether the circumstantial evidence and the actor's conduct and the natural and usual sequence to which such conduct usually points supports the inference.

*T.G.*, 3 N.E.3d at 24-25.

[11] Here, C.M. was thirteen years old, and H.S. was four years old. C.M. is "not a very young child," and is significantly older than H.S. *Id.* at 25. Humphrey left H.S. swinging in the fenced backyard. When she returned a couple minutes later, she found H.S. and C.M. outside the opened gate. H.S. was on her stomach with her pants and underwear down, and C.M. was on top of H.S. with his pants and underwear down and was making a thrusting motion. H.S. was crying hysterically and had urinated on herself. H.S. told Humphrey that

C.M. "said he was gonna show me how he could put his 'pee pee' in my butt."[1] Tr. Vol. II p. 25. Despite C.M.'s young age, the evidence supports the inference that C.M. knowingly or intentionally attempted to perform or submit to sexual intercourse or other sexual conduct with H.S., who was under fourteen years old. The evidence is sufficient to sustain C.M.'s adjudication. *See, e.g., T.G.*, 3 N.E.3d at 25 (holding that the evidence was sufficient to sustain the true finding).

## Conclusion

[12] C.M.'s due process rights were not violated, and the evidence is sufficient to sustain his adjudication. We affirm.

[13] Affirmed.

Vaidik, C.J., and Pyle, J., concur.

---

[1] At the fact-finding hearing, C.M. objected to this testimony by Humphrey. On appeal, C.M. mentions the objection but does not appeal the admission of the evidence.