## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2018, 6:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

R.W.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner*

December 5, 2018

Court of Appeals Case No.
18A-JV-869

Appeal from the Grant Superior Court

The Honorable Dana J. Kenworthy, Judge

The Honorable Brian F. McLane, Magistrate

Trial Court Cause No.
27D02-1711-JD-171

**Crone, Judge.**

# Case Summary

[1] R.W. challenges the sufficiency of the evidence to support her juvenile delinquency adjudication for neglect of a dependent, a level 6 felony if committed by an adult. Finding the evidence sufficient, we affirm.

# Facts and Procedural History[1]

[2] The facts most favorable to the delinquency adjudication are as follows. On September 16, 2017, R.W.'s boyfriend Jaylen Weaver corresponded through Facebook with Jaydon Garcia to set up a "weed transaction." Tr. at 81-82. The next day, R.W. and Weaver got into his car with their seven-month-old daughter, whom they put in the back seat. Weaver drove behind a doughnut shop in Marion to meet Garcia and Reese Ragon and sell them marijuana. *Id.* at 30, 191. Garcia and Ragon approached the driver's side of the car. Garcia saw Weaver with a "scale on the floor in between his legs" and "several bags of weed." *Id.* at 109. After Garcia gave Weaver $120 for a bag of marijuana, Garcia noticed that the marijuana contained a lot of seeds. Garcia decided that he did not like the quality of the marijuana and demanded that Weaver give him his money back. *Id.* at 106, 112. An argument ensued between Garcia and Weaver. As the argument escalated, Garcia observed a handgun under R.W.'s legs. Garcia turned to Ragon and said, "[B]ro the[y] got a gun." *Id.* at 103.

---

[1] We remind R.W.'s counsel that an appellant's statement of facts "shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed" and "shall be in narrative form and shall not be a witness by witness summary of the testimony." Ind. Appellate Rule 46(A)(6)(b)-(c).

Garcia and Ragon took off running. *Id.* at 34, 91. Gunfire was exchanged between Ragon and Weaver. Ragon sustained a gunshot wound to his leg and was air-lifted to a hospital. Weaver drove to his mother's house, where he dropped off R.W. and their daughter. At the scene, police recovered a pistol in the road that belonged to Ragon, a backpack, and raw marijuana. *Id.* at 11-12, 101-05. The police also located Weaver's car, which had been damaged by a bullet that hit the rear driver's-side window. State's Exs. 8-9.

[3] The State filed a delinquency petition alleging that R.W. committed conduct which, if committed by an adult, amounted to level 6 felony neglect of a dependent and class A misdemeanor dealing in marijuana. At the factfinding hearing, the State offered into evidence Facebook messages that were sent between R.W., an unknown third party, and Weaver a few days prior to the drug deal. Grant County Sheriff's Department Detective Erin Keppler testified that an unknown third party contacted R.W. through her Facebook page to find out if Weaver could "front me one till Friday." Tr. at 177. R.W. sent a message to Weaver, who responded, "how much." *Id.* at 178. R.W. then responded, "he said a gram." *Id.*; State's Exs. 10-11. At the hearing, R.W. denied sending the Facebook message to Weaver but nevertheless acknowledged that "1 grams sound like weed, it sounds like deals." Tr. at 205.

[4] The trial court dismissed the marijuana allegation for lack of evidence but entered a true finding against R.W. on the neglect of a dependent allegation. The court sentenced R.W. to formal probation for eight months with 120 days

in detention and ninety-nine days suspended. R.W. now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[5] R.W. challenges the sufficiency of the evidence to support her delinquency adjudication. Our standard of review for claims of insufficient evidence with respect to juvenile delinquency adjudications is well settled:

> We neither reweigh the evidence nor judge the credibility of witnesses. The State must prove beyond a reasonable doubt that the juvenile committed the charged offense. We examine only the evidence most favorable to the judgment along with all reasonable inferences to be drawn therefrom. We will affirm if there exists substantive evidence of probative value to establish every material element of the offense. Further, it is the function of the trier of fact to resolve conflicts in testimony and to determine the weight of the evidence and the credibility of the witnesses.

*T.G. v. State*, 3 N.E.3d 19, 23 (Ind. Ct. App. 2014) (quoting *K.D. v. State*, 754 N.E.2d 36, 38-39 (Ind. Ct. App. 2001)), *trans. denied*.

[6] R.W. argues that the evidence presented at the factfinding hearing was insufficient to prove that she committed neglect of a dependent. The State was required to prove beyond a reasonable doubt that R.W., having the care of a dependent, knowingly or intentionally placed the dependent in a situation that endangered the dependent's life or health. Ind. Code § 35-46-1-4(a)(1). In the delinquency petition, the State alleged that R.W. knowingly or intentionally placed her daughter in a situation that endangered her daughter's life or health

by transporting her daughter "in a car to an illegal drug deal wherein a gunfight occurred critically wounding one of the participants, thus exposing the dependent to said violence." Appellant's App. Vol. 2 at 8. To establish that R.W. knowingly endangered her daughter, the State was required to prove that she was "aware of a high probability" that she was doing so. Ind. Code § 35-41-2-2(b). "Intent may be proven by circumstantial evidence, and it may be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points." *Long v. State*, 935 N.E.2d 194, 197 (Ind. Ct. App. 2010), *trans. denied.*

[7] R.W. asserts that she was not aware that Weaver "had plans to stop and sell marijuana" and that she did not have "prior knowledge of [Weaver's] gun or drug history." Appellant's Br. at 13, 15. Here, the State offered into evidence Facebook messages between R.W. and Weaver regarding fronting a third party a gram of marijuana, which establish that R.W. was aware that Weaver was dealing marijuana. Garcia stated that as he stood next to Weaver's car door, he saw a "scale on the floor in between his legs" and "several bags of weed." *Id.* at 109. Furthermore, Garcia testified that he observed R.W. with a gun under her legs and that when the argument escalated between himself and Weaver, R.W. "moved her leg and started to fiddle with the gun and put her hand on it." Tr. at 89-90.

[8] We reject R.W.'s self-serving argument that she was merely an "innocent bystander." Appellant's Br. at 13. R.W.'s argument is merely a request to

reweigh the evidence and judge witness credibility, which we must decline. Accordingly, we affirm.

[9] Affirmed.

Najam, J., and Pyle, J., concur.