## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 30 2019, 9:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William W. Gooden
Mt. Vernon, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gary L. Wiltshire,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 30, 2019<br><br>Court of Appeals Case No.<br>19A-CR-307<br><br>Appeal from the Posey Circuit Court<br><br>The Honorable James M. Redwine, Judge<br><br>Trial Court Cause No.<br>65C01-1807-F4-341 |

**Tavitas, Judge.**

## Case Summary

[1] Gary L. Wiltshire appeals his conviction for child molesting, a Level 4 felony. We affirm.

## Issue

[2] Wiltshire raises one issue on appeal, which we restate as whether the evidence is sufficient to convict Wiltshire of child molesting, a Level 4 felony.

## Facts

[3] On June 10, 2018, L.M., who was ten years old, attended her cousin's birthday party in Mt. Vernon, Indiana. Wiltshire, L.M.'s forty-seven-year-old great-uncle, was also in attendance. L.M. was playing in another room when she decided to go into the kitchen. Wiltshire was sitting at the kitchen table. Wiltshire greeted L.M.; remarked that she looked like her mother; hugged her; and then pulled her toward him so that she "sat on his lap a little bit." Tr. Vol. II p. 29. Wiltshire then touched L.M. from her buttocks to her genitals. L.M. pushed Wiltshire back and froze. L.M. then sought out her cousin, and both found L.M.'s grandmother and told her what happened.

[4] On July 25, 2018, the State charged Wiltshire with child molesting, a Level 4 felony. Wiltshire was later arrested on July 26, 2018, as a result of the conduct. During an interview with Detective Jeremy Fortune of the Posey County Sheriff's Department, Wiltshire initially denied touching L.M. in any manner. Wiltshire told the detective that he consumed approximately half to three-quarters of a "Hot Damn" liquor bottle that day and that it was his first time

drinking alcohol. When Detective Fortune asked Wiltshire if it was possible that he accidentally brushed L.M.'s bottom, Wiltshire responded that he "could of [sic]." St. Ex. 3 at 7. Later in the interview, Wiltshire told Detective Fortune that he "could of [sic] . . . patted [L.M.] too low," but he did not recall if he had done so. *Id.* at 23.

[5] On September 12, 2018, L.M.'s deposition was taken, and she struggled to enter the room. L.M. cried and hid her face. To get L.M. to enter the room, Wiltshire and Detective Fortune stepped into the hallway. Wiltshire told Detective Fortune that he did not want L.M. to suffer and that he would not go into the room. At one point, Wiltshire hung his head and said, "I know what happened, I know why she's scared." Tr. Vol. II p. 54.

[6] At trial, L.M. described Wiltshire's actions as "a wipe. He wasn't slow, it wasn't fast . . . it was medium." *Id.* at 30. L.M. testified that the touching was not a pat on the bottom. L.M. also testified that Wiltshire touched her, with his hand, on the front part of her private area, which she called her "nu-nu." *Id.* at 30-31. On October 23, 2018, a jury found Wiltshire guilty of child molesting, a Level 4 felony. The trial court sentenced Wiltshire to six years in the Department of Correction, with three years executed. Wiltshire now appeals.

## Analysis

[7] Wiltshire challenges the sufficiency of the evidence to support his conviction. When there is a challenge to the sufficiency of the evidence, "[w]e neither reweigh evidence nor judge witness credibility." *Gibson v. State,* 51 N.E.3d 204,

210 (Ind. 2016) (citing *Bieghler v. State,* 481 N.E.2d 78, 84 (Ind. 1985), *cert. denied*), *cert. denied.* Instead, "we 'consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84). "We will affirm the judgment if it is supported by 'substantial evidence of probative value even if there is some conflict in that evidence.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84); *see also McCallister v. State,* 91 N.E.3d 554, 558 (Ind. 2018) (holding that, even though there was conflicting evidence, it was "beside the point" because that argument "misapprehend[s] our limited role as a reviewing court"). Further, "[w]e will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Love v. State,* 73 N.E.3d 693, 696 (Ind. 2017) (citing *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007)).

[8] A person commits child molesting, a Level 4 felony, when "a person . . . with a child under fourteen years of age, performs or submits to any fondling or touching, of either the child or the older person, with the intent to arouse or to satisfy the sexual desires of either the child or the older person." Indiana Code § 35-42-4-3(b). Wiltshire, in his brief, concedes that he touched L.M. in an "improper manner." Appellant's Br. p. 8. Wiltshire, however, argues that any touching was accidental, and "[t]here is no evidence [that] allow[ed] the jury to

conclude that the touching was accompanied with the intent to arouse or satisfy [Wiltshire's] sexual desires."[1] *Id.* at 7 (internal quotations omitted).

[9]     Wiltshire appears to challenge the "intent to arouse or to satisfy the sexual desires" element of the offense, along with the scienter requirement that the act must be done "knowingly or intentionally." Our Indiana Supreme Court has explained that the culpability requirement of the child molesting statute is "knowingly or intentionally." *See Louallen v. State*, 778 N.E.2d 794, 798 (Ind. 2002). Here, the trial court instructed the jury that:

> Before you may convict [Wiltshire,] the State must have proved each of the following beyond a reasonable doubt: [Wiltshire] with the intent to arouse or satisfy the sexual desires of L.M., or [himself], when L.M., was a child under fourteen (14) years of age, knowingly did perform or submit to fondling or touching of or by, L.M.

Tr. Vol. II p. 6. A person engages in conduct "knowingly" if, "when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b).

---

[1] In support of his argument, Wiltshire relies on the test that was set forth in *T.G. v. State*, 3 N.E.3d 19 (Ind. Ct. App. 2014), *trans. denied*, and utilized in *D.P. v. State*, 80 N.E.3d 914 (Ind. Ct. App. 2017). Both *T.G.* and *D.P* involved the interpretation of Indiana Code Section 35-42-4-3(b) in the context of juvenile defendants. At the time of the incident, Wiltshire was forty-seven years old. Wiltshire was not a minor, therefore, the test that was set forth in *T.G.* is not applicable here.

[10] When determining whether an adult touched a child under fourteen years old with the intent to arouse or satisfy sexual desires, "[t]he intent element of child molesting may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which conduct usually points." *Bowles v. State,* 737 N.E.2d 1150, 1152 (Ind. 2000) (citing *Clark v. State*, 695 N.E.2d 999, 1002 (Ind. Ct. App. 1998), *trans. denied*). Moreover, "the intent to arouse or satisfy sexual desires may be inferred from evidence that the accused intentionally touched a child's genitals." *Lockhart v. State*, 671 N.E.2d 893, 903 (Ind. Ct. App. 1996) (citing *Short v. State*, 564 N.E.2d 553, 559 (Ind. Ct. App. 1991)). "Mere touching alone is insufficient to constitute the crime of child molesting." *Bass v. State*, 947 N.E.2d 456, 460 (Ind. Ct. App. 2011) (citing *Nuerge v. State*, 677 N.E.2d 1043, 1048 (Ind. Ct. App. 1997), *trans. denied*), *trans. denied*.

[11] Furthermore, "a child's uncorroborated testimony is sufficient to sustain a conviction." *Carter v. State,* 754 N.E.2d 877, 880 (Ind. 2001) (citing *Dinger v. State,* 540 N.E.2d 39, 40 (Ind. 1989)), *reh'g denied, cert. denied; see also Hoglund v. State,* 962 N.E.2d 1230, 1238 (Ind. 2012) (citing *Stewart v. State,* 768 N.E.2d 433, 436 (Ind. 2002), *cert. denied*) ("The testimony of a sole child witness is sufficient to sustain a conviction for molestation."), *reh'g denied.* We have previously found sufficient evidence to support a finding of touching with the intent to satisfy sexual desires where a defendant touched the victim's vagina one time. *Wise v. State*, 763 N.E.2d 472, 475 (Ind. Ct. App. 2002), *trans. denied*.

[12] The evidence most favorable to the jury's verdict reveals Wiltshire "wipe[d]" L.M.'s private area after Wiltshire pulled her toward him. Tr. Vol. II p. 30. L.M. testified that the touching was not a pat on the bottom. L.M. testified further that not only was the wipe "[not] slow, [not] fast . . . it was medium[,]" but that Wiltshire touched her with his hand on the front part of her private area, which she described as her "nu-nu." *Id.* at 30-31. Moreover, Detective Fortune testified that, after Wiltshire saw how upset L.M. was during her deposition, Wiltshire stepped into the hallway with Detective Fortune. While in the hallway, Wiltshire hung his head and told Detective Fortune, "I know what happened, I know why she's scared." *Id.* at 54.

[13] Based on the evidence of Wiltshire's conduct, L.M.'s testimony, and the reasonable inferences therefrom, sufficient evidence supports the jury's determination that Wiltshire knowingly touched L.M. and did so with an intent to arouse or satisfy his sexual desires. Wiltshire's argument that the jury's conclusion that the touching was performed "knowingly was simply a guess" is an invitation for us to reweigh the evidence, which we cannot do. *See Gibson,* 51 N.E.3d at 210. Under these circumstances, the jury could have found that Wiltshire knowingly touched L.M. with the intent to arouse or to satisfy his sexual desires. Accordingly, the evidence is sufficient to sustain Wiltshire's conviction.

## Conclusion

[14] Based on the foregoing, we find that the evidence is sufficient to convict Wiltshire of child molesting, a Level 4 felony. We affirm.

Affirmed.

Crone, J., and Bradford, J., concur.